UTICA,
Aug. 1824.

Williams
v.
Houghtaling.

---

## WILLIAMS & OTHERS *against* HOUGHTALING & BEVIER.

Rule for casting interest where bond is payable by instalments, and the interest, though it runs from the date, is not demandable till the instalment falls due, and a payment is made on an instalment not due and payable.

COVENANT on the assignment of a bond executed by *Whigton & Thompson*, to the defendants, and by the latter assigned to the plaintiffs, with a covenant that $1308 18 principal and interest, besides costs, were due at the time of the assignment, which was dated the 2d day of *November*, 1816. The bond assigned was dated *March* 31, 1803. The condition was, that if the obligors should pay to the obligees $4250 ; viz. " $750 on or before the 1*st* day of *May*, 1804 ; $875 on or before the 1*st* day of *May*, 1805 ; $875 on or before the 1*st* day of *May*, 1806 ; $875 on or before the 1*st* day of *May*, 1807 ; and $875 on or before the 1*st* day of *May*, 1808, with the interest, at 7 *per cent. per annum*, from the date on each and every payment of the above sum as they become due, then," &c.

On this bond were endorsements as follows : " Received, *January* 5th, 1804, of *Mahur Whigton* and *Robert Thompson, jun.* the sum of $750, being the first payment on the obligation ; and the interest due thereon. Received at the same time, $20, on the 2d payment, on the within obligation. Received, *June* 1*st*, 1805, of *Robert Thompson, jun.* the sum of £369 18*s.* 7*d.* in full for principal and interest of the 2d payment on this obligation ; and also received, the same day, £100 on the 3d payment in part thereof. Received, *July* 26, 1806, $350. *January* 8, 1807. $854. *June* 22*d*, 1811, $300. *May* 23*d*, 1812, $500. *January* 27,

1814, $500. *January* 28, 1815, $450. *February* 24, 1815, $100,50."

Upon a case containing these facts, it was submitted upon what principle the interest should be calculated; and how the payments should be applied; and agreed that the Clerk should compute the interest according to the rule which the Court might direct; and that a cognovit should be given for the sum thus ascertained to be due.

*Curia.* When, according to the terms of a bond payable by instalments, interest cannot be demanded till the principal is payable (as in this case) payments made on an instalment not due and payable, should be applied to the extinguishment of principal, and such proportion of interest as has accrued on the principal so extinguished. For instance, an instalment on a bond of $500 is due on the *1st January*, 1825, with interest from the *1st January*, 1824; on the *1st July*, 1824, the obligor pays $207 : the $7 should be applied to pay the 6 months interest accrued on $200, and the $200 extinguishes so much principal. If the whole be applied to the extinguishment of principal, no interest could be recovered upon the principal money extinguished; for interest ceases and is not due after its principal is paid. (*Tillotson* v. *Preston*, 3 *John. Rep.* 229.)

Rule accordingly.(*a*)

(*a*) RULE *for calculating* INTEREST *where partial payments have been made.*

The Judges of the Supreme Court, in answer to the question put to them as to the mode of calculating interest when sundry payments have been made, state that they do not know that the question has been judicially settled; but, according to their understanding, the rule of practice is, to calculate interest on the principal, up to the time when the payment has been made, add this interest to the principal, and then deduct the payment without regard to the time when made, whether before or after the expiration of the year. This rule, however, is to be adopted only in cases where the payment exceeds the interest due; otherwise it will be taking interest upon interest   When the payment falls short of the interest due, interest must be calculated on the principal up to the time when the payments will overrun the interest due on the principal debt; and the deduction then be made.

*S. Thompson.*

The above is taken from a written entry on a blank leaf in the printed book containing the general rules of this Court, kept by Mr. *Breese*, the Clerk at *Utica*. Mr. *Breese* does not remember when the entry was made, except that it was some time while the Hon. *Smith Thompson* was Chief Justice of this Court.

The principle adopted by the late Chancellor *Kent*, is laid down by him in nearly the same words. " The rule (says he) for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds' the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal ; but interest continues on the former principal until the period when the payments taken together exceed the interest due, and then the surplus is to be applied towards discharging the principal ; and interest is to be computed on the balance of the principal as aforesaid (*Connecticut* v. *Jackson*, 1 *John. Ch. Rep.* 17, 18. *Stoughton* v. *Lynch*, 2 *id.* 209, *S. P.*)

The same rule prevails in *Massachusetts.* (*Edes* v. *Goodridge*, 4 *Tyng's Mass. Rep.* 103. *Dean* v. *Williams*, 17 *Tyng's Mass. Rep.* 417, 418. *Fay* v. *Bradley et al.* 1 *Pickering's Mass. Rep.* 194.) In *Virginia*, (*Lightfoot* v. *Price*, 4 *Hen.* & *Munf.* 431.) *North Carolina*, (*Bunn* v. *Moore's Executors*, 1 *Hayw. Rep.* 279. *Anonymous*, 2 *id.* 17. *North* & *Prescott* v *Mattell*, *id.* 151.) *Maryland*, (*Chapline* v. *Scott*, 4 *Harris* & *M'Henry's Rep.* 94.) *Kentucky*, (4 *Hall's Law Journal*, 122.) *South Carolina*, (*Administrators of Norwood ads. Manning*, 2 *Nott* & *M'Cord's Rep.* 395, 397.)

In *Connecticut.* the rule is the same, with the qualification that the first payment shall not be applied to the extinguishment of the interest, unless it be made at least one year from the time the interest began to run, nor as to subsequent payments, unless there be at least one year between them. (*General Rule, Kirby's Rep.* 49. *Kissam* v. *Burrall*, *id.* 326.) This is upon the ground that interest cannot be due except from year to year.

In *New-Jersey*, the rule is the same as in this state, with the difference that it disregards the amount of the payment which is applied to the extinguishment of the interest whenever paid, and whether less or more than the interest accrued. At least no distinction is made between these two cases, in *Meredith* v. *Banks*, (1 *Halstead's Rep.* 408,) where the rule is laid down.

In *Tracy* v. *Wikoff*, (1 *Dal. Rep.* 124 ; *Pennsylvania*,) *M'Kean*, C. J. said, " The rule of computing interest must be such, that the interest of money paid in before the time, must be deducted from the interest of the whole sum due at the time appointed by the instrument for making the payments. For instance, a bond to pay £100 with annual interest at 6 per cent., and at the end of 6 months, £50 is paid in. This payment shall not be apportioned, £3 to the discharge of the half year's interest, and £47 to the diminution of the principal, so as to calculate the remaining interest at 6 per cent. on £53 for 6 months ; but the interest shall be charged at the end of the year upon £100 ; the payment of £50 shall then be deducted from the aggregate sum of £106, and the obligor receive a cred-

It for £1. 10s as the interest of £50 for 6 months. In *Penrose* v. *Hart*, (*id.* 378,) *Shippen*, President, said, he remembered to have heard of an old decision, when *Logan* was Chief Justice, in which it was expressly settled, that money paid on account of a bond, should first be applied to discharge the interest due at the time of the payment ; and the residue, if any, credited towards satisfaction of the principal ; and this rule had been adopted as the uniform practice.

In *Lewis' executor* v. *Bacon's legatee and executors*, (3 *Hen. and Munf, Virginia Rep.* 89,) where a creditor kept an account current with his debtor, and also an interest account, in which he charged interest on the several items of debit to a particular period, and gave credit by interest on the several payments to the same period, and charged in the account current the balance appearing on the interest account, and a balance being then struck, interest was again charged on the balance thus consisting of principal and interest, the Court held it to be compound interest, and not allowable.