(29 Misc. Rep. 402.)

### BRONX GAS & ELECTRIC CO. v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. November 2, 1899.)

INTEREST—WAIVER BY ACCEPTANCE—JUDGMENT FOR PRINCIPAL.

> Where, in an action to recover for electric lighting furnished defendant city, plaintiff obtained an order directing that the action be severed, and judgment entered for the sum admitted by the answer to be due, and accepted such sum in satisfaction of the judgment, it waived the interest on the amount accepted, and cannot demand it in subsequent proceedings to collect the balance of the claim.

Action by the Bronx Gas & Electric Company against the city of New York to recover for gas furnished the city. Judgment for defendant.

Atwater & Cruikshank, for plaintiff.

John Whalen, Corp. Counsel, and C. A. O'Neil, Asst. Corp. Counsel, for defendant.

McADAM, J. The plaintiff in its complaint alleges that it furnished electric lighting to the city of New York of the value of $5,844.88, and then demands judgment for that amount, "with interest" and costs. The answer of the defendant admits that there was due and owing for said electric lighting the sum of $5,166.67. The plaintiff on July 12, 1898, obtained an order directing that the action be severed; that judgment be entered in favor of the plaintiff for the sum admitted by the answer to be due, to wit, $5,166.67; and "that the action be continued with like effect as to the subsequent proceedings as if it had been originally brought for the remainder of the claim." The defendant at the trial admitted that the difference between the sum originally claimed, $5,844.88, and the sum originally admitted by the answer, $5,166.67, to wit, $678.21, with interest from May 17, 1898, was due, and, having previously served an offer to allow judgment for this amount with costs, the contention has been narrowed down to the question whether, by serving the action and taking judgment for $5,166.67, the sum admitted by the answer to be due, the plaintiff waived the interest on that sum from May 17, 1898, until July 13, 1898, the day on which judgment for that amount was rendered. This interest amounts to $59.38, and, as the right to costs of the action depends upon the determination of the question, it has become of more than ordinary importance to the litigants. The

interest here was not payable by the terms of the contract; was recoverable only as part of the damages; it had no existence whatever, independent of the principal, to which it was a mere accessory or incident, and did not, of itself, furnish the subject-matter of a distinct and independent action. 5 Lawson, Rights, Rem. & Prac. §. 2434. It has therefore become a rule that in such cases, if the creditor accepts the principal without reservation, he cannot afterwards recover the interest. Cow. Treat. (4th Ed.) 1523; Johnson v. Bannon, 5 Johns. 267; Gillespie v. City of New York, 3 Edw. Ch. 512; Cutter v. Mayor, etc., 92 N. Y. 166, 170; Peck v. Association, 21 Misc. Rep. 84, 46 N. Y. Supp. 1042. Where a declaration was of November term, 1806, and an imparlance over to February term, 1807, when the defendant pleaded that on the 7th of January, 1807, he paid the plaintiff the several sums of money, the plea was held good, without stating that he had paid the interest and the costs which had accrued. The court said:

"If the plaintiff has accepted the principal, he cannot afterwards bring an action for the interest. It is not a plea puis darrein continuance, but a regular plea of payment after an imparlance. Tillotson v. Preston, 3 Johns. 229."

If the plaintiff had by hand accepted from the defendant at the time of severance the principal then admitted to be due, it would certainly have waived the right to recover the interest thereon as an independent cause of action. Does the acceptance under the judgment entered on the order for severance change the legal status of the parties? Section 511 of the Code and the order entered thereunder answer the question by the controlling proviso, "that the action shall be continued with like effect, as to the subsequent proceedings, as if it had been originally brought for the remainder of the claim," which, as to the $5,166.67, means the interest on that amount, respecting which the statute works no change in the common-law rule cited. The plaintiff, by invoking the aid of section 511, supra, compelled the payment of so much of the principal, and, as a consequence, discharged the incident or accessory which in contemplation of law followed, and had no existence without it. Such being the fact, it is impossible to avoid the conclusion that by its voluntary acceptance the plaintiff elected to waive the right to prosecute for the accessory or incident, under the principle decided by the cases before cited.

The claim for interest on the principal so accepted by the creditor without reservation must therefore be disallowed, and judgment directed only for the balance of principal, to wit, $678.21, with interest thereon from May 17, 1898.