## BIDWELL v. PRESTON.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

### No. 144.

1. CUSTOMS DUTIES—REFUND—ACCEPTANCE OF PRINCIPAL—WAIVER OF INTEREST—PAYMENT ON ACCOUNT.

On the refund of duties that had been improperly exacted, interest was withheld on the ground that there was no appropriation for payment of interest; so that the sum repaid was the exact equivalent of the principal. *Held*, that the acceptance of this sum by the importer was tantamount to a waiver of the claim of interest, and could not be considered as a general payment on account, which the payee was entitled to apply, first, to the extinguishment of the interest and, next, to part payment of the principal.

2. SAME—PAYMENT BY STRANGER.

Where the government repaid duties which had been improperly exacted by its agent, a collector of customs, this did not constitute a payment by a stranger which could not inure to the benefit of the collector.

In Error to the Circuit Court of the United States for the Southern District of New York.

This case arose out of an action brought by Gustavo Preston against Geo. R. Bidwell, formerly collector of customs at the port of New York. The opinion rendered in the court below is as follows:

HOLT, District Judge. Judge Platt having decided in a precisely similar case that the plaintiff was entitled to recover interest on the duties exacted, and the judgment on his decision having been paid by the government, orderly practice, in my opinion, requires that I follow that decision. It moreover seems to me on the merits an inherently just decision. If the government exacts money from an importer without legal authority, it ought to repay it with interest; and if an importer has a just right to interest when the principal is paid, I cannot see why that right is destroyed because the government only pays the principal. But I rest my conclusion on the fact of the former judgment and its payment, without having given a careful examination to the question whether the cases cited for the government are applicable to this case.

The motions to set aside the verdict in each case are denied.

J. Osgood Nichols, Asst. U. S. Atty.
John David Lannon, for importer.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The facts in this case are very simple. On August 4, 1899, the plaintiff paid the defendant, who was the collector at the port of New York, under protest, the sum of $4,843.32, to obtain possession of various goods brought from Porto Rico to New York. This exaction for customs duties was illegal; and in consequence of the subsequent judicial determination of that question, the government of the United States delivered to the plaintiff a draft for $4,843.32 on September 10, 1901. On that date the defendant in error claimed that the sum of $5,453.57 was due. This sum included interest on the amount paid from August 4, 1899, to September 10, 1901. This claim was not disputed, but the government authorities took the position that there was "no appropriation available for payment of in-

terest in cases wherein a judgment has not been rendered." Thereafter plaintiff brought this suit to recover the sum of $610.25 as a balance still due.

Defendant relies upon the well-settled doctrine that, where interest is payable as damages, the reception of the principal without the interest after default is a conclusive waiver of the claim for interest. Thomas v. Railway (C. C.) 81 Fed. 911; Stewart v. Barnes, 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781. The plaintiff contends that this doctrine does not apply, because at the time of payment there was due to him a lump sum of $5,453.57, and that the sum paid ($4,843.32), although the exact amount of the claim without interest, was a general payment on account which he was entitled to apply, first, to the extinguishment of the interest and, next, to part payment of the principal. The difficulty with this contention is that it is not warranted by the facts. It appears that at the time of payment plaintiff delivered to defendant a letter containing the following statement:

"In addition to the amount set forth in my claim for duties erroneously exacted on my importation of sugar by the Julia Frances from Port Rico, amounting to $4,843.32, I claim the interest due on the amount set forth in my claim at the same rate per annum which I reserve and do not abandon."

We are satisfied that this constituted an appropriation of the payment specifically to the claim, and find no persuasiveness in the argument that the repayment by the government of moneys improperly collected for it by its officer was a payment by a stranger which could not inure to the benefit of the debtor.

The judgment is reversed.