### READER v. HAGGIN.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 176.

1. EXCEPTIONS, BILL OF—SETTLEMENT—TIME.

After the expiration of the term at which the cause was tried, the court cannot allow a bill of exceptions nunc pro tunc unless control over the case has been reserved by rule or order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Exceptions, Bill of, §§ 72½, 73.]

2. APPEAL AND ERROR—REVIEW—OBJECTIONS NOT MADE AT TRIAL.

An objection that plaintiff did not have his day in court in that the case should have been submitted to the jury, and even if a verdict were directed, it should not have been on the merits, was not available on a writ of error, where not made in the trial court.

3. SAME—SCOPE OF REVIEW.

The inquiry of the Circuit Court of Appeals on writ of error must be confined to the pleadings and proof as embodied in a bill of exceptions, and, where the record so made up is free from error, the judgment must be affirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2867.]

4. SAME—MOTION FOR NEW TRIAL.

The denial of a motion for a new trial presents no question which can be considered by the Circuit Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3860–3865.]

5. SAME—BILL OF EXCEPTIONS—INSERTION OF EXCEPTION.

A motion that an exception be inserted in a bill of exceptions, where no exception was in fact taken, is addressed to the discretion of the trial judge, and his denial of the motion cannot be reviewed on a writ of error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3891.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Dittenhoefer, Gerber & James (A. J. Dittenhoefer and Dudley F. Phelps, Jr., of counsel), for plaintiff in error.

Alexander and Green (Francis L. Wellman and Sumner B. Stiles, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The action was brought to recover $250,000 as commissions, under an alleged oral agreement by which the defendant promised to pay the plaintiff 10 per cent. on the price of certain mines in Peru which were purchased by the defendant through the plaintiff as defendant's broker.

The bill of exceptions shows that plaintiff was the only witness. Upon his cross-examination numerous letters, cablegrams, and other documents signed by the plaintiff were produced by the defendant, and the plaintiff was interrogated regarding them. It is unnecessary to characterize these papers further than to say that many of them are quite inconsistent with the theory upon which the action was prosecuted. When the court adjourned on Wednesday, December 19, 1906, the plaintiff was still on the stand with his cross-examination unconcluded. On the assembling of the court on Thursday morning the following proceedings took place.

"The Court: I think we are ready to take up Reader against Haggin. Mr. Stanchfield: In Reader against Haggin the plaintiff rests his case. Mr. Wellman: The defendant rests if your honor please. The defendant now moves for the direction of a verdict on the merits in favor of the defendant. The Court: I think you are entitled to it. Take the verdict Mr. Clerk. By direction of the court the jury returned a verdict for the defendant."

The plaintiff did not ask to submit any question to the jury. This, then, is all that took place on the trial, the plaintiff was examined and partly cross-examined. He then rested his case. The defendant also rested and asked for the direction of a verdict, which was granted. To this action of the court no exception was asked for and none appears in the record. Exceptions were noted to rulings of the court admitting several of the letters heretofore referred to, but they are so manifestly untenable that it is unnecessary to discuss them in detail. The cause was tried at the October term, and no bill of exceptions was signed, filed, or served during that term. The time in which to file a bill of exceptions was not extended by order or otherwise, and the bill was not presented for signature until August 28, 1907, five months after the expiration of the October term, when it was signed nunc pro tunc as of March 30, 1907. This court has repeatedly held that after the expiration of the term at which the cause was tried, unless the court reserves control over the case by rule or order, it is too late to allow a bill of exceptions. If, however, we assume the bill of exceptions to be properly before us, it does not aid the plaintiff for the reason that it is absolutely barren of any exception which would justify a reversal of the judgment. The grievance of which the plaintiff particularly complains is that he did not have his day in court, that the question in dispute should have been submitted to the jury, and, even if a verdict were directed, it should not have been upon the merits. The short and conclusive answer is that the plaintiff made no such contention in the trial court. On the contrary he permitted the verdict to be directed without objection or exception. Our inquiry upon writ of error must be confined to the pleadings and the proof, as embodied in a bill of exceptions, and where the record, so made up, is absolutely free from error the judgment must be affirmed. A reversal in such circumstances would be a gross abuse

of power. Although we might end the discussion at this point with propriety, the unusual circumstances attending the direction of the verdict lead us to examine briefly the other contentions advanced by the plaintiff.

No motion for a new trial was made at the trial, but in January thereafter the plaintiff made such a motion, and at the same time moved that an exception might be entered to the direction of the verdict. This motion was denied, and the plaintiff appealed to this court. No rule of practice has been adhered to with greater uniformity than the rule that the denial of a motion for a new trial, even if made at the trial, presents no question which this court can consider. Our latest decision reaffirming this rule was made January 7, 1908. Denison v. Shawmut Mining Co., 159 Fed. 102. A motion that an exception be inserted in a bill of exceptions is clearly addressed to the discretion of the trial judge, and his denial of the motion presents no question which can be reviewed by this court, and especially so when it is conceded that no exception was in fact taken.

A large part of the record is taken up with the affidavits read on the motion for a new trial, the plaintiff contending that the action of his counsel in submitting to the direction of a verdict for the defendant was without his consent; the defendant contending that the plaintiff not only consented to, but actually directed, the course followed by his counsel. As before stated, these affidavits are wholly irrelevant to any question legitimately before us, and should not have been included in the record. We have, however, examined them, thinking that they might reveal some aspect of the controversy which would enable us to give the plaintiff relief. The affidavits disclose a clear contradiction between the plaintiff and his wife on the one side and two counselors of the circuit court on the other, but present no facts which are of the least avail on this review. It is proper to say that counsel who appear for the plaintiff in error in this court did not appear for him in the court below.

After careful consideration of all the questions presented, we find ourselves powerless to grant a new trial unless we are prepared wholly to disregard the practice which has been uniformly followed since this court was established.

The judgment is affirmed with costs.