### BIDWELL v. GEORGE B. DOUGLAS TRADING CO.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 26.

1. APPEAL AND ERROR (§ 87*)—REVIEW—ORDER ON MOTION FOR NEW TRIAL.

The ruling on a motion for a new trial is not reviewable on a writ of error in the federal courts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 588; Dec. Dig. § 87.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 272*) — EXCEPTIONS TO INSTRUCTIONS — TIME FOR TAKING.

An exception to the direction of a verdict taken after the verdict has been returned cannot be considered on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. § 272.*]

3. APPEAL AND ERROR (§ 237*)—PRESENTATION OF QUESTIONS TO LOWER COURT —NECESSITY.

A party who has not asked the court to direct a verdict in his favor cannot urge its failure to do so as a ground for reversal in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1384; Dec. Dig. § 237.*]

4. PAYMENT (§ 39*)—APPLICATION—APPROPRIATION BY CREDITOR.

Where a customs collector refunded money to an importer on account of duties which had been illegally exacted from him, without direction as to its application, the importer had the right to apply it first to the payment of legal interest accrued on his claim.

[Ed. Note.—For other cases, see Payment, Dec. Dig. § 39.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the George B. Douglas Trading Company against George R. Bidwell. Judgment for plaintiff, and defendant brings error. Affirmed.

On writ of error to review a judgment entered upon a verdict directed by the court in favor of the plaintiff for the sum of $127.86, being a sum equal to the amount of interest due upon $1,266.36 which was unlawfully exacted by the defendant, acting as collector of customs, as duties upon sugar imported from Porto Rico by the plaintiff. The defendant, sued as an individual, exacted the sum of $1,266.36 from the plaintiff, which sum, with interest, amounted on September 30, 1901, to $1,394.22. The complaint alleges:

"Fifth.—That on September 30, 1901, the defendant refunded to the plaintiff the sum of twelve hundred sixty-six and 36/100 ($1,266.36) dollars, leaving a balance still due the plaintiff amounting to one hundred and seventy-seven dollars and eighty-six cents ($177.86), which has not been paid."

The answer alleges:

"IV. The defendant admits that on September 30, 1901, he refunded to the plaintiff the sum of twelve hundred sixty-six and 36/100ths dollars ($1,266.36), as alleged in the fifth paragraph of said complaint, but denies each and every other allegation in said fifth paragraph contained."

At the trial George B. Douglas was the only witness sworn. He testified that he had calculated the interest to September 30, 1901, and added it to the amount originally paid, the total being $1,394.22, and that the plaintiff has never received from the defendant any other sum upon account of the cause of action other than the sum of $1,266.36.

After the testimony was closed the record proceeds as follows:

"Plaintiff rests.

"By direction of the court the jury returned a verdict in favor of the plaintiff for the sum of $127.86, subject to computation by the collector.

"Mr. Nichols: I take an exception to the direction and move to set the verdict aside as contrary to the law and the facts and for a new trial upon the judge's minutes, and on all grounds mentioned in section 999 of the New York Code of Civil Procedure, except the insufficiency of damages.

"Motion to set aside verdict denied.

"Exception."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry A. Wise, U. S. Atty. (William L. Wemple, Asst. U. S. Atty., of counsel), for plaintiff in error.

Percival H. Gregory, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. There are no disputed facts. At the close of the testimony the court directed a verdict in favor of the plaintiff. The defendant did not move for a direction in its favor. The motion for a new trial presents no question reviewable in this court. Reader v. Haggin, 160 Fed. 909, 88 C. C. A. 91; Denison v. Shawmut Mining Co., 159 Fed. 102, 86 C. C. A. 292.

The only question, therefore, is whether the defendant's exception to the direction of a verdict for the plaintiff, taken after the verdict was rendered, was well taken. The record presents the somewhat anomalous situation of the defendant insisting that a verdict should have been directed in his favor when he did not ask that this be done. If he had made such a motion it might have been granted. Instead of doing so, he waited until the verdict had actually been rendered and then coupled a motion to set it aside with an exception to the action of the court in directing it. So far as appears from the record, the defendant's counsel took no part in the trial from beginning to end. His first appearance, as stated above, was to take an exception to the rendition of the verdict after it had been rendered. This court, following the decisions of the Supreme Court, has frequently held that an exception taken after the jury has retired is valueless. Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58; Park Bros. & Co. v. Bushnell, 60 Fed. 583, 9 C. C. A. 138; Mann v. Dempster, 179 Fed. 837. It also seems to be well settled that a party who has not asked the court to direct a verdict in his favor cannot successfully urge as a ground for reversal that such a direction was not made. Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496; Oswego Township v. Travelers' Ins. Co., 70 Fed. 225, 17 C. C. A. 77.

However, we will consider the case upon the theory that the exception taken sufficiently presents the questions debated. The contention of the plaintiff is that the action is brought to recover the balance due on a debt of $1,394.22, which remained after a payment of $1,266.36, and that this amount was first applied to the payment of accrued interest and then to the reduction of the principal. There is nothing in the proof to show that this was not done. Indeed, in the absence of proof to the contrary, the presumption is that this was the disposition made of the payment. It was the natural thing to do. Story v. Livingston, 13 Pet. 370, 10 L. Ed. 200. In Bidwell v. Preston, 160 Fed. 653, 88 C. C. A. 19, the plaintiff at the time of payment delivered to the defendant a letter in which he says:

"In addition to the amount set forth in my claim for duties erroneously exacted on my importation of sugar by the Julia Frances from Porto Rico, amounting to $4,843.32, I claim the interest due on the amount set forth in my claim at the same rate per annum which I reserve and do not abandon."

This shows clearly that the plaintiff in the Bidwell Case endeavored after receiving the amount due him as principal to reserve his claim for interest.

The plaintiff here was deprived of the use of its money by the unlawful act of the defendant and the record should be strictly construed to sustain an obviously just result. The defendant, when he paid the money, gave no direction that it be applied on the principal and the plaintiff, or the court, if the plaintiff failed to do so, was justified in applying it upon the interest. Bank v. Webb, 94 N. Y. 467. The validity of the judgment will be assumed unless the contrary appears.

The judgment is affirmed with costs.