## McBRIDE et al. v. NEAL.

(Circuit Court of Appeals, Seventh Circuit.　April 14, 1914.)

No. 2066.

1. APPEAL AND ERROR (§ 216*)—RIGHT OF REVIEW—QUESTIONS NOT RAISED AT TRIAL.

Assignments that the court erred in failing to construe the contract sued on as a matter of law and to instruct the jury that they were bound by the court's construction, were unavailable in the absence of a request therefor at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

2. APPEAL AND ERROR (§ 216*)—RIGHT OF REVIEW—QUESTIONS NOT RAISED AT TRIAL.

No binding instruction that under the evidence plaintiff had made a full settlement of his demands against defendants up to a specified date having been requested at the trial, the court's failure to so charge was not reviewable on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

3. NEW TRIAL (§ 6*)—MOTION—DISCRETION.

A motion for a new trial is addressed to the discretion of the trial judge, and, in respect to the sufficiency of the evidence on disputed questions of fact, is addressed to him as a thirteenth juror.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6.*]

4. APPEAL AND ERROR (§ 977*)—REVIEW—DENIAL OF NEW TRIAL.

No error is assignable on the action of a trial judge in overruling a motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

5. APPEAL AND ERROR (§ 237*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF EVIDENCE—OBJECTIONS AT TRIAL.

If assignments of error are to be based on the legal sufficiency of the evidence to support a verdict, motions to that end must be made at the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusion of the evidence and exceptions preserved to adverse rulings thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. § 237.*]

6. APPEAL AND ERROR (§ 883*)—AGREEMENT OF PARTIES—ESTOPPEL TO ALLEGE ERROR.

Where plaintiffs in error agreed at the trial that the jury should be directed to return a verdict for defendant in error for some amount under the pleadings and evidence, an objection on appeal that defendant in error had failed to introduce any evidence proving a joint liability was unavailable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. § 883.*]

7. COURTS (§ 356*)—FEDERAL COURTS—STATUTES—CONFORMITY ACT.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), providing for conformity of proceedings in federal courts to the rules of procedure in the courts of the state, applies only to practice on the law side of the federal trial courts and has no reference to the prosecution of a common-law writ of error prevailing in federal appellate procedure.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*

Conformity of practice in common law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

8. COURTS (§ 334*)—FEDERAL COURTS—RULES OF DECISION—STATUTES.

Rev. St. § 721 (U. S. Comp. St. 1901, p. 581), providing that the laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of United States in cases where they apply, refers only to substantive law and has no application to procedure in federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 899, 909, 910; Dec. Dig. § 334.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

9. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

While the Court of Appeals will disregard technical questions regarding the form or sufficiency of an assignment of error if it can be deemed sufficient to apprise the defendant in error of the ground asserted for reversal and it will note a substantial error, whether properly assigned or not or even if there is no assignment, yet no reversal can be had unless the record discloses proceedings at the trial which can be made the basis of an assignment of error in support of a common-law writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

In Error to the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Action by William E. Neal against W. C. McBride and the Silurian Oil Company. Judgment for plaintiff, and defendants bring error. Affirmed.

George T. Buckingham, of Chicago, Ill., for plaintiffs in error.

J. E. McGaughey and G. W. Lackey, both of Lawrenceville, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

PER CURIAM. This was an action at law by defendant in error against plaintiffs in error upon a written contract. Verdict and judgment were for plaintiff.

[1] In support of the writ of error 16 assignments of error have been filed.

The first five assignments are based on the failure of the court to construe the contract and to instruct the jury that they were bound by the court's construction. There was no request by plaintiffs in error to have the court construe the contract as a matter of law and to charge the jury that they were bound by such construction. On the contrary, the court, without objection and exception by plaintiffs in error, submitted the contract to the jury for them to determine its meaning in accordance with their understanding of the English language.

[2] The sixth, seventh, and eighth assignments are based on the failure of the court to give the jury a binding instruction that defendant in error, under the evidence in the case, had made a full settlement of his demands against plaintiffs in error up to June 1, 1912. No binding instruction to this effect was requested by plaintiffs in error. The court gave all of their requested instructions on the general propositions of law relating to accord and satisfaction, and they failed to ask more specific instructions on this subject than were given.

[3-5] Assignments from 9 to 15, inclusive, embody matters which were proper to incorporate, and which were in fact incorporated, in a motion for a new trial. But a motion for a new trial is addressed to the discretion of the trial judge; and, in respect to the sufficiency of the evidence on disputed matters of fact, is addressed to him as the thirteenth juror. No error is assignable on the action of the trial judge in overruling a motion for a new trial. If assignments of error are to be based upon the legal sufficiency of the evidence to support a verdict, motions to that end must be made at the conclusion of the evidence and exceptions preserved to adverse rulings thereon. Missouri Pac. Railway Co. v. Chicago & Alton Railroad Co., 132 U. S. 191, 10 Sup. Ct. 65, 33 L. Ed. 309; Condran v. Chicago, Milwaukee & St. Paul Railway Co., 67 Fed. 522, 14 C. C. A. 506, 28 L. R. A. 749; Bidwell v. Douglas Trading Co., 183 Fed. 93, 105 C. C. A. 385.

[6] By the thirteenth assignment plaintiffs in error assailed the verdict and judgment on the ground that defendant in error had failed to introduce any evidence proving a joint liability on the part of plaintiffs in error. Prior to the return of the verdict this matter was not called to the attention of the trial court by motion, or by a request for a binding instruction on that ground, or in any other way. At the conclusion of the court's charge to the jury the court said:

"I understand it is conceded that a certain amount is due to the plaintiff." Mr. Gee: "Yes."

The Court: "There is no question that the plaintiff is entitled to recover some amount and that amount is for the jury to determine from the evidence."

Not only was no question raised, but this quotation proves that plaintiffs in error agreed that the jury should be directed to return a verdict for defendant in error for some amount under the pleadings and evidence in the cause.

The alleged error set forth in the sixteenth assignment was cured by the charge of the court directing the jury to disregard the said testimony. The court said:

"The language of the contract is to be taken just for what it says in view of all the facts surrounding the case. No one party has the right to say what it means. If any party has stated to you what it means that should be disregarded. The contract must speak for itself and alone for itself."

[7] Section 914 of the federal statutes (U. S. Comp. St. 1901, p. 684), usually known as the Conformity Section, has reference only to practice on the law side of the trial courts. It has nothing to do with the prosecution of the common-law writ of error which prevails in federal appellate procedure. Chateaugay Iron Co., Petitioner, 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508.

[8] Section 721 of the federal statutes (U. S. Comp. St. 1901, p. 581), which provides that the laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply, has reference only to substantive law and has no application to the procedure in the federal courts.

[9] An assignment of errors is the pleading of the party seeking a reversal; and this court is always disposed to disregard any technical questions regarding the form or sufficiency of such a pleading, if it can be deemed sufficient to apprise the adversary of the grounds of reversal that are intended to be presented to the court; and we are also always disposed to note a substantial error which has entered into the judgment, whether it has been properly assigned or not, and even if there is no assignment. But the trouble here is that the record discloses no grounds of reversal in the course of the trial which could be used as the basis of any assignment of errors in support of the common law writ of error. For there is no error available to the defeated party if the court conducts the trial to his entire satisfaction and he has made no objection and preserved no exception to any matter whatever that arose prior to the rendition of the verdict. After verdict, the disposition of the motion for a new trial, as already stated, is a matter for the sound discretion of the trial judge. And after the motion for a new trial is overruled, judgment inevitably follows in accordance with the verdict.

This case must therefore be affirmed for lack of objections during the trial on which to found any assignments of error; and it is so ordered.