FARLEY v. CAREY SHOW PRINT CO., Inc.

(Circuit Court of Appeals, Second Circuit. February 13, 1918.)

No. 128.

1. COURTS ⬅366(13)—PRECEDENTS—STATE DECISIONS.
    The decision of the highest state court, construing local limitation statutes as to actions for wrongful death, though contrary to previous decisions of inferior courts, is binding on the federal courts.

2. APPEAL AND ERROR ⬅257—REVIEW—EXCEPTIONS—NECESSITY.
    Where no exception was taken to the dismissal of the complaint, an appellate court need not consider the matter on plaintiff's writ of error.

In Error to the District Court of the United States for the Southern District of New York.

Action by Annie Farley, as administratrix, etc., against the Carey Show Print Company, Incorporated. There was a judgment for defendant, dismissing the complaint, and plaintiff brings error. Affirmed.

Pierre M. Brown, of New York City, for plaintiff in error.
E. Clyde Sherwood, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. The action is to recover damages for the death of plaintiff's decedent, as authorized by section 1902, Code Civ. Proc. N. Y., which declares that it "must be commenced within two years after decedent's death." Within the time thus limited, suit was brought in the Supreme Court of New York, complaint was dismissed, but not on the merits, the dismissal affirmed, and leave to go to the Court of Appeals denied, without opinions. 173 App. Div. 936, 973, 158 N. Y. Supp. 1115. Thereafter and within one year from such affirmance, this action was begun.

[1] The causes of action being identical, defendant pleaded the bar of the statute. Plaintiff urged that section 405 of the Code enlarged the period of suit for a year after conclusion of the unsuccessful state court proceedings, put in all her fact evidence, and rested. Motion to dismiss was then granted. Before Sharrow v. Inland Lines, 214 N. Y. 101, 108 N. E. 217, L. R. A. 1915E, 1192, Ann. Cas. 1916D, 1236, it had usually been regarded as settled in this state that the right of action for death by wrongful act expired at the end of two years, that suit within such period was a prerequisite to any action, and that therefore the statutory provisions regarding limitations of actions (of which section 405 is one) did not apply. But the question had not been plainly put to the Court of Appeals before the cited case, and that decision refused to adopt a long line of rulings in the lower courts.

The point being one of construing a state statute creating a cause of action, the courts of the United States must follow the ruling of the highest state court. This is not a case where the supreme judicial authority of the statute-making power has reversed its own considered earlier judgments, to the detriment of contractual right presumably

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

resting thereon or secured thereby (Muhlker v. New York, etc., R. R., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872), nor indeed has any earlier decision been overruled (Dernberger v. R. R. Co., 243 Fed. 21, 155 C. C. A. 551); for we ·must assume the same result would have been reached if any of the lower court cases had been taken far enough.

[2] Therefore plaintiff's right to sue was saved by section 405, but, as no negligence or wrongful act by defendant or any one else was shown, the dismissal was right. We no more consider it necessary to review the evidence than did the trial and appellate state courts, which heard what ought to have been, and was so far as we know, the same story. Indeed, we could properly decline even to consider the matter, as no exception was taken to the action of the court in dismissing the complaint (Reader v. Haggin, 160 Fed. 909, 88 C. C. A. 91), but the importance of recognizing the effect of the Sharrow Case on future and similar litigation in this circuit has justified this memorandum.

Judgment affirmed.