FARM MORTGAGE & LOAN CO. v. WILLETT et al.[1]

(District Court, W. D. New York. May 9, 1922.)·

No. 1959.

1. **Exceptions, bill of ⊚⇒40(4)—Order extending term for filing must be made at trial term.**

A court is without power to allow a bill of exceptions after expiration of the term at which the cause was tried, unless the same has been extended for that purpose by order made at that term.

2. **Exceptions, bill of ⊚⇒44—Court may not extend term for allowance by nunc pro tunc order.**

A court is without power, after expiration of a term, by a nunc pro tunc order to direct the clerk to make an entry extending the term for the purpose of allowing a bill of exceptions, where there is no record in relation thereto made during the term to be altered or amended.

3. **Exceptions, bill of ⊚⇒43(1)—Facts held not to justify allowance after term.**

Extraordinary circumstances, which may justify allowance of a bill of exceptions after the term, do not include the fact that the time before expiration of the term was not sufficient for preparation of the bill, where the party neglected to apply for an extension in accordance with the rule and practice of the court.

At Law. Action by the Farm Mortgage & Loan Company against James D. Willett and Cora G. Willett. On motion by plaintiff for nunc pro tunc order extending time for allowance of bill of exceptions. Denied.

Frank Gibbons, of Buffalo, N. Y., for plaintiff.
John Willett, of New York City, for defendants.

HAZEL, District Judge. This is the return of a show cause order asking leave to enter an order nunc pro tunc permitting plaintiff, after the expiration of the term of court at which the above-entitled action was tried, to prepare a bill of exceptions and present same for allowance and settlement, etc., as if it had been presented prior to the expiration of the term at which the judgment was rendered. The trial ended on the 12th day of October, 1921, and resulted in a verdict by the jury for defendants, and in allowance of their counterclaim. By the standing rule of this court (a rule carried over I think from the old district), each term of court was extended from the term at which any judgment or decree was entered to the opening of the next stated term for making and filing bills of exceptions and necessary motions, but orders extending the term on request of counsel were usually entered on com-

[1] Mandamus to compel settlement and filing of bill of exceptions denied by Circuit Court of Appeals. Certiorari to review decision of Circuit Court of Appeals refused by Supreme Court. Farm Mortgage & Loan Co. v. Hazel, 43 Sup. Ct. 94, 67 L. Ed. ——.

pletion of the trial. The next regular term was to begin on the 11th day of October, 1921, at Lockport, and thus the trial overlapped the beginning of such term, which was adjourned by the marshal to Buffalo. The judgment was entered on November 12, 1921, and the next regular term began on November 14th. The time, therefore, provided by the standing rule to file bill of exceptions expired on the last-mentioned date. In the affidavit of plaintiff's counsel it is stated that at the conclusion of the trial at Canandaigua, and after verdict was rendered, this court substantially directed that he might make up a bill of exceptions and assignment of errors after obtaining the stenographer's minutes of the trial, and present the same at chambers for settlement and allowance, and that—

"In the meantime all proceedings on the part of the defendants after entry of judgment be stayed for a period of 60 days, and if you are unable to prepare your bill of exceptions at the expiration of that time, you may make application for a further stay."

This court has no recollection of making the statement or order. Defendants' counsel in his supplementary affidavit denies that it was made. The stenographer in his affidavit makes no mention thereof, while the clerk of the court has no record in his minutes of such an order or direction. His record shows the following:

"Motion for a new trial denied and stay of execution 60 days after entry of judgment."

While the stenographer's minutes disclose the following immediately after the rendition of the verdict:

"Mr. Gibbons (counsel for plaintiff): I desire to move for a new trial on all the grounds formerly stated under section 777 of the Code of Civil Procedure.

"The Court: I will deny the motion, unless you want me to hear you specially.

"Mr. Gibbons: I have nothing to say beyond what I have said.

"The Court: I think it has been fully discussed, and the questions of law given full consideration.

"Mr. Gibbons: I ask for a stay of 60 days.

"The Court: Stay of 60 days after entry of judgment."

But, assuming the statement to which counsel refers to have been made by the court, it does not in my opinion alter plaintiff's position. A fair construction of the asserted statement does not imply a continuance of the term of court for the purpose of settling a bill of exceptions beyond the period of 60 days; nor does it imply a continuance until the transcription of the reporter's notes taken at the trial without further extension by order made during the extended term. It is not conceivable that this court continued the term without limitation as to time and dependent merely upon the expediency of the stenographer. It has never been the custom or practice to do so. The 60 days' stay mentioned in the asserted colloquy expired on the 12th day of December, 1921, and no continuing order beyond such time has been asked or granted. On several occasions plaintiff's counsel, after entering an order denying the motion for a new trial, entered orders by consent extending the supersedeas, but never applied for an order extending the term, as provided by the standing rule for the purpose of serving a

bill of exceptions, nor did defendants' counsel consent to any continuance. In view of the time of entry of judgment, the standing rule gave 2 days only from then to file the bill of exceptions; but I am nevertheless of the opinion that the burden rested upon the plaintiff to obtain by order an extension of the term at which the action was tried or the term at which the judgment was rendered.

[1] Plaintiff's affidavit shows that he evidently proceeded upon the theory that his right to serve a proposed bill of exceptions continued until the stenographer's minutes could be obtained. Concededly this court is without power to allow a bill of exceptions after the expiration of the term at which the case was tried, unless the same has been extended by order at that term. See Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson, 258 U. S. 365, 42 Sup. Ct. 331, 66 L. Ed. ——, recently decided; O'Connell v. U. S., 253 U. S. 142, 40 Sup. Ct. 444, 64 L. Ed. 827; Anderson v. U. S. (C. C. A.) 269 Fed. 65; and Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162.

[2] The question to be determined on this application is whether an order nunc pro tunc may be entered directing the clerk of the court to make entry continuing the Canandaigua term of court until the stenographer wrote out the evidence and proceedings had at the trial on the assumption that the court in effect made such an order at the conclusion of the trial, but that the clerk inadvertently or irregularly omitted to make a record thereof. Such practice is questionable to say the least. The records of the court, as heretofore pointed out, make no allusion to the asserted reservation of the term of court, and a nunc pro tunc order in the circumstances to allow a bill of exceptions after the term of court has expired cannot be properly entered. Reader v. Haggin, 160 Fed. 909, 88 C. C. A. 91. Nor, indeed, is it within the power of the court to create or re-create a record by a nunc pro tunc order, since the power of the court to amend or correct relates to an existing record only. Gagnon v. U. S., 193 U. S. 451, 24 Sup. Ct. 510, 48 L. Ed. 745. See, also, Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797.

For the foregoing reasons I am constrained to rule that this court has not the power to relieve the plaintiff, and the requested order, if followed by allowance and settlement of a bill of exceptions, would be coram non judice, and would not in my opinion be considered by the Circuit Court of Appeals.

The motion to require entry of the suggested order nunc pro tunc, and the motion for presentation and settlement of a proposed bill of exceptions, is denied.

[3] On further hearing it was urged by plaintiff that the circumstances were so extraordinary and unusual that its default in having the term extended by order should be excused. What was said, however, in Glickstein v. U. S., 215 Fed. 90, 131 C. C. A. 398, seems to cover this point:

"The extraordinary circumstances mentioned in the Supreme Court cases which justify the signing of the bill of exceptions after the term has expired relate to circumstances which caused the delay, and cannot be said to include

negligence of the party or the importance or difficulty of the question involved."

The default in applying for an extension of the term at the conclusion of the trial or the term at which judgment was entered in my opinion deprived this court of further jurisdiction, and was not of such a character as to justify an exception to the rule. Plaintiff still had under the standing rule, after entry of judgment, a few days to either serve its bill of exceptions or apply for extension of the term. The serviceableness of the standing rule, which has not heretofore been questioned, extensions of term being usually asked and granted at the end of the trial, is perhaps not wholly free from criticism. It apparently did not afford a long time for filing a bill of exceptions whenever a judgment was entered shortly before the beginning of a next stated term; but this did not operate to actually prevent plaintiff obtaining a special order extending the term, either at the trial term or during the few days following the entry of judgment and before the regular November term began. Counsel for plaintiff had notice of the taxation of costs and presumably knew of the entry of judgment on November 12th. In Exporters, etc., v. Butterworth-Judson (heard in Circuit Court of Appeals, Second Circuit, opinion not to be published) Judge Hough carefully examined the decisions relating to the existence of unusual and extraordinary circumstances excusing defaults such as concerns us here. He said in his opinion (evidently prepared before the question was certified to the Supreme Court):

"Under the extraordinary circumstances which withdraw a given case from the operation of the rule we have included the illness of the trial judge (Roberts v. Bennett, 135 Fed. 748), which, of course, is a! disability, within Rev. Stat. § 953, as amended (Schmidt v. Standard, etc., Co., 202 Fed. 1023), although mere absence from the district is not such disability (Elmer v. U. S., supra)."

See, also, Foster's Fed. Prac. (5th Ed.) vol. 2, p. 1592.

Of course, there is no limitation as to conditions that may arise justifying an exception to the rule as heretofore pointed out; but the affidavits do not show sufficient grounds for holding that jurisdiction was not lost, especially as plaintiff's attorney concededly knew that the term at which the action was tried ended by the intervention of another term.

Plaintiff's motion for allowance of a proposed bill of exceptions upon a writ of error from the final judgment herein to the Circuit Court of Appeals, together with the motion for a nunc pro tunc order to extend the Canandaigua term of court, is denied. Plaintiff's remedy, if aggrieved, is to apply for mandamus.