## PROUTY v. GRAND TRUNK RY. CO. OF CANADA.

(Circuit Court of Appeals, Second Circuit. March 3, 1924.)

No. 270.

Appeal and error ⚫977(1)—Ruling on motion for new trial not reviewable.
In the federal courts, error cannot be assigned on the action of a trial court in granting or refusing a new trial.

In Error to the District Court of the United States for the District of Vermont.

Action at law by Henrietta Prouty against the Grand Trunk Railway Company of Canada. Judgment for defendant, and plaintiff brings error. Affirmed.

David E. Porter, of St. Johnsbury, Vt., and Albert W. Farman, of Newport, Vt., for plaintiff in error.

J. W. Redmond, of Newport, Vt., for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The husband of the plaintiff in error, while in his automobile driven by his chauffeur, was struck by a train of the defendant in error at a grade crossing between Waterville and Lenoxville, in Canada. He died as a result of the injuries received in that collision. This action was brought to recover damages for the loss of his life. The jury found a verdict for the defendant in error.

At the trial the proof tended to show that the train which caused the accident was a work train, consisting of an engine, five flat. cars, and a caboose, in which the employés of the defendant in error were riding. The important question at the trial was whether the engine whistle was sounded or the bell rung for the approach to the crossing, and also whether an automatic crossing bell was rung. The defendant in error called its employés, one who said he was in the caboose, and later that he acted as a flagman at the crossing immediately after the accident, and a supervisor of signals, who had supervision of the crossing bell at the time of the accident, for the purpose of testifying as to the condition of the crossing bell and its ringing as a warning as the train was approaching. The latter gave testimony at the trial that he came to the crossing on the day of the accident, examined the signal bell batteries and apparatus connected with it, and found it connected with the north-track circuit and in good condition. He said he examined the signal bell a month before, and made some repairs, putting it in good condition. Later this testimony was retracted by him, and he admitted it to be false. After indictment, he pleaded guilty to perjury. The employé who gave testimony as to acting as a flagman immediately after the accident, and as to the ringing of the bell, retracted his testimony, and he likewise was indicted for perjury.

With these facts in affidavit form, and further affidavits of other new witnesses, who would give testimony as to the condition about the crossing and the tracks made by the automobile as it approached the crossing, the plaintiff in error moved for a new trial on the ground of newly discovered evidence and for the reason that perjury was committed by the defendant in error's witnesses. The District Judge denied the motion, and this writ of error seeks to review that determination. It has long been recognized that no error can be assigned in the action of a trial court in granting or refusing a new trial. Mo. Ry. v. Chicago & A. R. Co., 132 U. S. 191, 10 Sup. Ct. 65, 33 L. Ed. 309; Holmgren v. United States, 217 U. S. 521, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Pickett v. United States, 216 U. S. 461, 30 Sup. Ct. 265, 54 L. Ed. 566; Mattox v. United States, 146 U. S. 141, 13 Sup. Ct. 50, 36 L. Ed. 917; Clement v. Wilson, 135 Fed. 750, 68 C. C. A. 387; Dry Dock, etc., Ry. Co. v. Petkunas (C. C. A.) 261 Fed. 988; Pocahontas Distilling Co. v. United States, 218 Fed. 785, 134 C. C. A. 566; McBride v. Neal, 214 Fed. 968, 131 C. C. A. 262. Since this is the only error assigned and relied upon in this court, it follows that the judgment must be affirmed.

Judgment affirmed.