BALFOUR & KOCH COMPANY, Respondent, *v.* JAMES RANOW and Another, Trading under the Name and Style of HOME LIGHT COMPANY OF AMERICA, Appellants.

Supreme Court, Appellate Term, First Department, March 18, 1926.

Interest — partial payment of indebtedness for goods sold and delivered — application by creditor of partial payment to principal extinguishes interest pro tanto.

Partial payments received by a seller of goods and applied in reducing the principal on an overdue bill extinguishes the interest *pro tanto*, and in the absence of a specific agreement for the payment of interest the seller does not have the right when the balance due is tendered to demand interest on the entire principal sum originally owing, but is entitled to interest only on the balance unpaid at the time tender thereof is made.

BIJUR, J., dissents, with opinion.

APPEAL from a judgment of the Municipal Court, Fourth District, in favor of the plaintiff, upon an agreed statement of facts.

*Weinberg & Weinberg* [*Nathan Weinberg* of counsel], for the appellants.

*Strouse & Goldstone* [*Arthur D. Fisher* of counsel], for the respondent.

LEVY, J.  Upon an indebtedness from the defendants to the plaintiff for goods sold and delivered in the amount of $2,476.56, the former received an allowance of $260.69 for defective material, leaving a balance due on September 28, 1923, of $2,215.87.  At various dates thereafter the defendants paid the sum of $2,184.32, which was credited to them on account of principal.  When they tendered the small balance due, the plaintiff demanded interest on the entire principal sum originally owing after the deduction of the allowance.  Defendants concede that interest is due on the balance, but urge that by accepting partial payments without reservation as to interest, and by not specifically applying the sums paid toward interest and principal, the claim for such interest on the full principal to the extent liquidated has become extinguished.

It is generally true that notwithstanding the absence of a specific agreement for the payment of interest, liability therefor arises as damages on the default in payment of the principal. But it cannot be recovered independently of the recovery of such principal. Where there is a contractual obligation to pay interest, any payments received on account may be credited under the partial payment rule by applying the installment thus received first toward the liquidation of the interest due and any balance remaining to the principal. On the other hand, where the interest due is in the nature of damages imposed by law for the default of the debtor, the payment and receipt without objection of the *entire* principal extinguishes the obligation to pay interest. (*Williams* v. *Houghtaling,* 3 Cow. 86; *Tillotson* v. *Preston,* 3 Johns. 229.) The general rule on this point is correctly expressed in 17 Corpus Juris, 814, as follows: " When payment of the principal as such is made and accepted, no interest can be recovered, the payment of the debt extinguishing the right to recover interest thereon." It voices the well-accepted rule in the foregoing cases cited and in numerous other English and American authorities.

But the question remains whether the same rule applies where only partial payments in liquidation of the principal have been received. The case of *Bronx Gas & Electric Company* v. *City of New York* (29 Misc. 402) seems to be authoritative on this point. In that case the action was brought for $5,844.88. The defendant admitted owing $5,166.67. Thereafter the plaintiff obtained an order directing that the action be severed and judgment be entered for the amount admitted, which latter sum was thereupon paid. The defendant at the trial confessed the debt on the balance and offered to pay this with interest. The plaintiff contended that it was entitled to interest on the entire original debt. This claim was disallowed by the court in the following language: " The plaintiff, by invoking the aid of section 511 [of the Code] compelled the payment of so much of the principal, and, as a consequence, discharged the incident or accessory which in contemplation of law followed and had no existence without it. Such being the fact, it is impossible to avoid the conclusion that, by its voluntary acceptance, the plaintiff elected to waive the right to prosecute for the accessory or incident, under the principle decided by the cases before cited."

The fact that the partial payment was made by order of the court appears to be quite immaterial because the decision indicates that if the plaintiff had, without the interposition by the court accepted the principal then admitted to be due, it would certainly have waived the right to recover the interest thereon.

It may be that this authority is not decisive on the extinguishment of the interest on the partial payment of a debt received by a creditor, in view of the rule that in the absence of specific directions, the latter may apply it against the general account and use a part of it as interest on the entire debt. On the other hand, in the case before us the partial payment was particularly applied by the creditor on account of the principal due. A part of the debt was thus severed from the whole by the conduct of the parties themselves.

As applied to the circumstances of this case, it, therefore, follows that the payment of part of the debt at a time when obviously interest was not running as to it, either by force of contract or as legal compensation by way of damage, extinguished that part of the debt *pro tanto* together with the right of interest on such part so liquidated.

Judgment modified by reducing it to thirty-six dollars and ninety-six cents, and as so modified affirmed, with twenty-five dollars costs of this appeal to the appellant, costs to be set off against the judgment.

CHURCHILL, J. (concurring). I concur solely on the ground that the payments made on account were applied by the plaintiff to the extinguishment of the principal of the debt *pro tanto*. This is, in effect, conceded in the record. The principal debt having been extinguished to that extent, the right to recover interest on the part of the debt so extinguished was lost. The result would be otherwise, in the absence of such an application, even if the whole debt had been paid. (*Bidwell* v. *Douglas Trading Co.*, 183 Fed. 93; *Bank of California* v. *Webb*, 94 N. Y. 467.)

BIJUR, J. (dissenting). I dissent. The historic origin of the rule that where interest is payable as " damages " a payment of the principal amount extinguishes the claim for interest is to be found explained in 17 Corpus Juris, 814. It has frequently been the subject of adjudication. (*Tillotson* v. *Preston*, 3 Johns. 229; *Stewart* v. *Barnes*, 153 U. S. 456; *Bidwell* v. *Preston*, 160 Fed. 653; *Bidwell* v. *Douglas Trading Co.*, 183 id. 93; *Bronx Gas & Electric Co.* v. *City of New York*, 29 Misc. 402; *Cutter* v. *Mayor*, 92 N. Y. 166.)

I can find no decision to the effect that payment of part of the principal raises the like implication. The attempted conclusion that payment of part of the principal extinguishes the cause of action *pro tanto* seems to me to be based on the erroneous theory that the payment of part of a debt " severs " the debt into two parts, one paid and the other unpaid, whereas in my opinion the weight of authority is against any such notion.