RELIABLE INCUBATOR & BROODER CO. v. STAHL.

(Circuit Court of Appeals, Seventh Circuit. June 5, 1900.)

No. 626.

1. BILL OF EXCEPTIONS—FILING AFTER TERM—WAIVER OF OBJECTION.

Counsel for a defendant in error do not waive the right to object to a bill of exceptions on the ground that it was not filed until after the term by failing to make the objection before such bill was signed and filed, where they were not at that time aware that no order extending the time had been obtained.

2. SAME—REQUISITES—SHOWING EXTENSION OF TIME.

When a bill of exceptions is presented for signature after the term at which the judgment was rendered, it should contain an explicit statement of any order extending the time for its settlement, so as to show that the signing and filing of the same were within the time allowed, or, if waiver of time is relied on, a distinct statement of consent by the adverse party or counsel, or a written agreement showing such consent; and under no ordinary circumstances, if at all, will affidavits be received by the appellate court to establish such facts, if omitted, and in no case to establish consent when disputed.

3. SAME—EXTENSION OF TIME FOR FILING.

An order extending the time for the preparation and filing of a transcript of the record beyond the term does not operate to extend the time for signing and filing a bill of exceptions.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

On motion to strike out bill of exceptions.

The defendant in error has moved to strike from the record the bill of exceptions. The trial was had at the January term, 1899; motions for a new trial and in arrest of judgment were overruled and judgment entered on April 3d; and on April 18, 1899, the petition for a writ of error, an assignment of errors, and supersedeas bond were filed, and an order entered allowing the writ of error. On May 13th an order was entered extending until July 3d the time within which to complete and file the transcript of the record; and at the ensuing June term, on July 3d, time for filing the transcript was extended to the 1st day of August. No entry of an order giving time for the filing of a bill of exceptions was made at the January term, but at the June term, on July 1st, an order was entered (though it is not set out in the transcript) extending to July 13th the time of defendant to file bill of exceptions. On July 13th the bill was signed and filed, but it contains no statement of time

allowed for the preparation or filing thereof. At the hearing of the motion by this court, on the first day of the present session, affidavits of counsel on both sides were read. Two affidavits of Mr. Thomason, one of the counsel for the plaintiff in error, made, respectively, on April 30th and May 1st, were read. The first is to the effect that on May 13th he obtained of Judge Allen, in chambers, at Chicago, the order extending to July 3d the time for filing the transcript; that on May 29th, as nearly as he can recollect, he obtained of Judge Allen an order, a copy of which, unsigned, is attached to the affidavit, extending the time to file the bill of exceptions and the transcript of record to July 3, 1899; that he bases his recollection of the order, which was taken from his personal files of the case, on the date written in lead pencil thereon, and on other circumstances stated; that on June 26th he received from L. H. Berger, of counsel for defendant in error, a letter of that date acknowledging the receipt of "your papers in appeal," which, the affidavit says, included a bill of exceptions, and saying that he would be at Springfield on the 3d to present objections; that on July 1st he received from the clerk of the court a letter notifying him of the order of that date extending the time to file bill of exceptions to July 13th, of which order he had since received and presents a certified copy; that on July 7th he received of L. H. Berger and C. A. Babcock, attorneys for defendant in error, the letter of that date to the effect that they had learned at Springfield, on the 3d, of an order of the judge extending for 10 days the time for filing the bill of exceptions, expressing their willingness to examine the bill if presented to them in time, but saying that they could not enter into any agreement or stipulation as to the bill of exceptions, nor agree upon any bill of exceptions, though, if corrected to conform to their objections, they would have nothing to present to the court, but otherwise would have to meet the court on the 13th and point out any defects they should see; that on July 13th the attorneys for the plaintiff in error appeared in chambers before Judge Allen, at Springfield, and a typewritten statement of "objections to the proposed bill of exceptions" was filed by plaintiff's attorney, a copy of which is attached to the affidavit; that the court then and there signed the bill of exceptions, without objection being made or exception taken; that on April 9, 1900, he received from Judge Allen the letter of that date, of which a copy is given, to the effect that the judge had no recollection about signing the bill, "but supposed, doubtless, that it was signed within the time, or within an extension of the same," within which the bill should have been signed, and that he did not recollect of any objection having been made at the time. The affidavit also sets out correspondence in August, 1899, showing a refusal of counsel for the defendant in error to enter into a proffered stipulation for the suppression of certain exhibits included in the bill of exceptions. The second affidavit says "that April 3, 1899, a motion was heard by Judge Allen, in chambers, at Springfield, Illinois, to increase damages, and denied. The court then and there granted defendant twenty days within which to file a bill of exceptions. April 18, 1899, the attorneys for the defendant appeared before Judge Allen, in chambers, at Springfield, and filed its petition for writ of error, an assignment of errors, and its bond on writ of error, and got a further extension of time for thirty days from his honor within which to file said bill of exceptions; and, to the best of my recollection and belief, both plaintiff and his attorneys, C. A. Babcock and L. H. Berger, were present at the time said extension was granted. May 13, 1899, I personally applied for and obtained the order of that date, which is of record, extending the time to file the transcript of record to July 3, 1899; and I then supposed that both the bill of exceptions and the transcript were covered by said order, but becoming aware before the commencement of the June term that said order of May 3 [13?], 1899, as drawn, did not expressly extend to the said bill of exceptions, I applied for and obtained the order referred to in my affidavit of the 30th ultimo, now on file." The affidavit of Mr. Emmons, also of counsel for the plaintiff in error, is to the effect that the annexed letter of July 12, 1899, and accompanying objections to the bill of exceptions, were left with him by Berger or by Babcock; that the letter and signatures thereto are in the handwriting of Babcock, and also the changes and interlineations in the statement of objections; "that, according to his best recollection, up to the time said bill of exceptions was signed" the attorneys for the appellee

made no objections, orally or in writing, that the time for the signing of said bill of exceptions had expired; that, as one of the attorneys for the plaintiff in error, he went to Springfield on June 30, 1899, and, with the attorneys for the defendant in error, appeared before the judge for the purpose of settling the bill of exceptions, at which time the attorneys for the defendant in error pointed out alleged omissions in respect to the charge of the court to the jury; that thereupon the judge informed counsel that they must settle on the contents of the bill, and that on Saturday, July 1st, the judge, on his request, granted to the plaintiff in error an extension of time of 10 days from July 3 to July 13, 1899, to file a bill of exceptions, and that until after the printing of the record he never knew that the clerk of the circuit court, in entering of record the extension, used the word "transcript" instead of "bill of exceptions." The letter of July 12th, referred to, says: "Inclosed please find copy of the objections and corrections we propose to the proposed bill of exceptions, and which we mail this p. m. to Clerk Jones." The objections and corrections so proposed all had reference to the contents of the proffered bill, and ended with a statement containing the following: "Not having been furnished with the reporter's notes, or the papers from which the bill of exceptions is made up, nor with the proposed bill of exceptions itself, we can neither say that the evidence set out in the proposed bill is correctly stated, nor that it is not; nor are we able to correct what appear to be inaccuracies in the supposed copy furnished us. We ask the court to preserve in some proper form this objection, in case the court signs and seals the proposed 'bill' as a bill of exceptions in this case, but do not wish to be understood as asking for further time to consider the proposed bill, but ask that the proposed bill be refused by the court, and no further time be granted, upon the ground that a very unusual time has already been allowed in which to prepare and properly submit to opposing counsel a proper bill of exceptions." The clerk made no mistake in entering the order of July 1st. The affidavit of Mr. Berger, counsel for the defendant in error, is explicit to the effect that neither he nor his associate, Babcock, was at Springfield on July 13, 1899, and at that place or elsewhere was present at the signing of the bill of exceptions, or consented to the filing of the same, and further says "that during said January term of said court no leave of court was asked, granted, or obtained for preparing, signing, or filing a bill of exceptions in said cause, and that this affiant never received during the January term, 1899, of said court any bill of exceptions, or anything that purported to be a copy of any bill of exceptions, in said cause," and that he never during that term, nor at any other time, consented to the filing of any bill of exceptions in the cause. The hearing of the motion, begun on the first day of our present session, was suspended in order to enable the plaintiff in error to apply to the circuit court to correct its record so as to show the giving of time for the filing of the bill of exceptions, but that court, it is admitted, refused to act in the premises; and the plaintiff in error has interposed a motion for a certiorari to bring up the document entitled "Objections to the Proposed Bill of Exceptions," and with the motion has presented a copy certified to be "a true copy of the objections and corrections to the bill of exceptions filed in a certain cause," etc., but not certifying or showing, by file mark or otherwise, the date, or even the fact, of the filing of the document.

Frank D. Thomason, for plaintiff in error.
J. F. Carroll, for defendant in error.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. The motion for a certiorari need not be considered. The document sought to be brought up is not mentioned in the bill of exceptions, was in no way made a part of the record, and, if contained in the transcript, could be of no more significance upon the motion to strike out the bill of exceptions than when satisfactorily proved by affidavit. There can be no doubt that the paper was sent

by counsel for the defendant in error to the clerk of the court, and it was perhaps placed on file; but the assertion that it was filed by plaintiff's attorney on July 13th, besides being an evident mistake, is not clearly consistent with the statement in one of the affidavits "that the court then and there signed the bill of exceptions, without objection being made or exception taken." On the entire showing, it is evident that the attorneys for the defendant in error, at the time the bill was filed, and possibly until they came to examine the printed transcript, believed that there had been a regular extension of time for the signing and filing of the bill. It is certain that on July 3d they learned of the extension ordered three days before, and not unnaturally they may have assumed that that order was made within the time of a previous extension which had been duly ordered. Their mistake in that respect, however, did not alter the fact that during the term at which the judgment was rendered no order was entered allowing time beyond the term for signing and filing the bill, and did not place the plaintiff in error in a worse position than if the specific objection to the signing of the bill had been interposed at the time of signing. There is no proof which tends even remotely to show a purpose to waive the objection, or to consent to the signing of the bill out of proper time. When, during the term at which a judgment is rendered, it is proposed to allow time beyond the term for the filing of a bill of exceptions, it is well that a notation of the fact be made upon the docket of the court, or by an entry upon the order book; but when, after the term, the bill is presented for signature, it should contain an explicit statement of the extension, such as to demonstrate that both the signing and the filing are within the time allowed, or, if a waiver of the time is to be asserted, a distinct statement of the fact of consent by counsel or party present at the time of signing, or, what would be still better, a written agreement indorsed upon or attached to the bill showing that consent. Under no ordinary circumstances, if at all, will affidavits be received to show such consent,—certainly not when the fact is disputed, as it is here. Indeed, it is not clear that consent after the expiration of the term is available. In Waldron v. Waldron, 156 U. S. 361, 378, 15 Sup. Ct. 387, 39 L. Ed. 457, it is said, "The signing of the bill of exceptions after the expiration of the term at which the judgment was rendered was lawful, if done by consent of parties, given during that term." It may be, however, that the cases cited do not go that far. Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113; Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090; Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162. See, also, Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037; Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230, 37 L. Ed. 1195.

The suggestion that, by the order giving time for the preparation and filing of the transcript of the record in this court, the circuit court retained jurisdiction of the case for the purpose of signing the bill of exceptions, is manifestly untenable. The motion to strike out is sustained.