### KOEWING v. WILDER.

(Circuit Court of Appeals, Second Circuit. November 24, 1903.)

#### No. 122.

1. BILL OF EXCEPTIONS—SETTLEMENT—TIME.
   The general rule in the federal courts that a bill of exceptions must be presented within the term at which the judgment is entered does not apply where a further time has been allowed by an order entered during the term, or where extraordinary circumstances exist.

2. SAME—EXTENSION OF TIME—ORDER.
   Where, during the term at which judgment was entered, the court entered an order directing a verdict for defendant, and allowing "such time

¶ 1. See Exceptions, Bill of, vol 21, Cent. Dig. § 49.

as counsel should want to prepare a bill of exceptions," such order operated to extend the time for preparing a bill of exceptions to a date beyond the term.

8. SAME—TIME ALLOWED.

Where an order provided that such time as counsel should want to prepare a bill of exceptions be allowed, the order was not void for indefiniteness, since it should be construed as limited to six months after entry of judgment, within which the defeated party was entitled to sue out a writ of error.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is a motion to dismiss a writ of error, and affirm the judgment of the Circuit Court, Southern District of New York, on the ground that the bill of exceptions was not presented, allowed, signed, or filed within the term at which the judgment was entered.

Herbert Noble, for the motion.

A. C. Shenstone, opposed.

Before LACOMBE and TOWNSEND, Circuit Judges.

PER CURIAM. The action was brought to recover damages for a breach of contract, and was tried before a jury on January 12, 1903. At the close of the plaintiff's case, upon motion of the defendant's counsel, the court made the following announcement:

"The case is within the spirit of the statute [of frauds], and, I think, within its letter. Plaintiff's Counsel: Your honor makes that ruling? The Court: I think, upon the evidence as it appears, the statute of frauds is applicable to the case. Therefore I will direct a verdict for the defendant, and give you such time as you want to prepare a bill of exceptions."

Thereupon the decision of the court was recorded in the minutes as follows:

"After hearing the evidence for the plaintiff, the court directs verdict for defendant, and allows such time as counsel should want to prepare a bill of exceptions."

Thereafter the following transactions took place: On January 19, 1903, judgment was entered for the defendant. On April 5, 1903, the term of court at which such judgment was entered—being the October jury term—expired. The April jury term began the next day. On May 26, 1903, the bill of exceptions was served upon the attorneys for defendant, and a copy left at their office. Said attorneys declined to admit service of said bill. No amendments thereto were offered or proposed by the attorneys for defendant. On June 5, 1903, the bill of exceptions was noticed for settlement before the judge who tried the cause. At that time the original proposed bill, with due proof of service thereof, and the original notice of settlement, with due proof of service, were submitted to the clerk of the court for transmission by mail to the trial judge. The judge returned the bill of exceptions unsigned. On June 19th, writ of error was allowed. On June 22, 1903, the attorney for plaintiff procured from the trial judge an order to show cause on July 1, 1903, why an order should not be made nunc pro tunc extending the time for signing, sealing, allowing, and filing the bill of exceptions, or why the

said bill of exceptions should not be signed, sealed, allowed, and filed. On July 1, 1903, the order to show cause was heard, both sides appearing. The trial judge thereupon denied plaintiff's motion for an order nunc pro tunc, and directed that the following statement be included in the bill of exceptions:

"The bill of exceptions not having been served upon the attorneys for the defendant until May 26, 1903, nor presented to the court for its allowance until June 5, 1903, a motion was made for an order nunc pro tunc, and such motion was denied. Thereupon the court ruled and decided that he would sign the bill of exceptions, conditioned upon the facts containing the time of its service and presentation being recited, so that the appellate court could decide whether the court had power to sign the bill."

Thereafter, and on July 14, 1903 (within the April term), the court signed allowance of the bill, and ordered it to be filed.

The general rule, well settled by authority, is that a bill of exceptions must be presented within the term at which the judgment was entered. Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037; Michigan Ins. Bk. v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162. But the same authorities hold that such rule does not apply where a further time has been allowed by order entered during the term, or where "very extraordinary circumstances" exist. It is common practice to enter an order extending the term for the purpose of preparing and settling bill of exceptions, and in this circuit, which is perhaps more liberal in practice than some others (In re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508; Talbot v. Press Pub. Co. [C. C.] 80 Fed. 567), an order extending the time for serving bill of exceptions, or amendments, or for settling the same, has always been held to be practically an order extending the term, as well.

We are of the opinion that the declaration of the judge upon granting the motion to direct a verdict, which was thereupon, at the same term, embodied in the minutes, and thus became of record, was the full equivalent of an order, and operated to extend the time for preparing bill of exceptions as indicated—certainly to a date beyond the term. We are not impressed by the suggestion that such an order should be held void for indefiniteness—that it undertakes to extend the time for years, long after the successful litigant should be discharged from court. Manifestly the time is limited by the period allowed for the suing out of a writ of error, viz., six months after entry of judgment; and we know no sound reason why the trial court may not appropriately extend the time to prepare bill of exceptions, so that the writ of error and proposed bill may be served on the same day. The party has six months in which to decide whether or not he will go to the expense of appealing, and, until he has decided to appeal, he may fairly be relieved from incurring an expense which will be useless unless he does appeal.

The motion to dismiss is denied.