UNITED WRAPPING MACH. CO. v. STIMSON. (Circuit Court of Appeals, Second Circuit. February 8, 1910.) In Error to the Circuit Court of the United States for the Western District of New York. Application of the United Wrapping Machine Company for a writ of mandamus against Henry C. Stimson. Petition for mandamus denied, and writ of error dismissed. See, also, 156 Fed. 298. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. We do not find in the papers submitted sufficient to indicate that this is a case presenting the "very extraordinary circumstances," which have occasionally induced a modification of the rule that a bill of exceptions cannot be signed after expiration of the term at which the cause was tried, when the court has not reserved control over the case by rule or order. Reader v. Haggin (2d Circuit, March, 1908) 160 Fed. 909, 88 C. C. A. 91. The petition for mandamus is denied, and writ of error dismissed.

---

In re VICTOR COLOR & VARNISH CO. (Circuit Court of Appeals, Second Circuit. December 14, 1909.) No. 88. Petition to Review Order of the District Court of the United States for the Southern District of New York. Frank H. Gray, for respondent. Hartman & Schuhmann (Frank L. Crocker, of counsel), for petitioner. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The record is a meager and unsatisfactory one. There are questions raised as to the authenticity and effect of an alleged agreement not to file the chattel mortgage, and the argument by both sides has been quite extended; but in the opinion of the majority of the court it is not necessary to go into the case so fully. We are clearly of the opinion that the holder of the chattel mortgage was entitled to have his day in court, in a suit to foreclose it, and that so much of the order as refused him leave to begin such a suit on the ground that the property was in the hands of a receiver in bankruptcy must be reversed. It was entirely proper, however, for the bankruptcy court to refuse to give petitioner immediate possession of the property. It should remain in the custody of the receiver till the suit is determined, although, of course, if all parties agree, it may be sold and the proceeds held by the receiver. Order modified.

---

WILLIAM CARLISLE & CO. v. NORRIS et al. (Circuit Court of Appeals, Fifth Circuit. February 8, 1910.) No. 1,922. In Error to the Circuit Court of the United States for the Southern District of Texas. G. H. Pendarvis, for plaintiff in error. John C. Matthews and V. A. Collins, for defendants in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The judgment of the Circuit Court is affirmed, on the authority of Throckmorton v. Price, 28 Tex. 606, 91 Am. Dec. 334, and Hudson v. Randolph, 66 Fed. 216, 13 C. C. A. 402.