### GLICKSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 1, 1914.)

No. 288.

CRIMINAL LAW (§ 1092*)—REVIEW ON ERROR—BILL OF EXCEPTIONS—TIME FOR ALLOWANCE.

    Judicial Code, § 97 (Act March 3, 1911, c. 231, 36 Stat. 1119 [U. S. Comp. St. Supp. 1911, p. 175]), provides that terms of the District Court for the Southern District of New York shall be held on the first Tuesday in each month, and general rule 5 of such court automatically extends each term for the purpose of filing bills of exception for a period of three calendar months beginning on the first Tuesday of the month in which the judgment was entered. *Held*, that where a defendant convicted of a crime did not move to have his bill of exceptions signed until after the expiration of such extended time, the judge was without power to sign the same.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Abraham Glickstein. Judgment of conviction, and defendant brings error. Writ of error dismissed.

Archibald Palmer, of New York City, for plaintiff in error.

J. N. Boyle, Asst. U. S. Atty., of New York City.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The trial of Glickstein, plaintiff in error, began July 1, 1913, and continued to July 3d, on which day he was found guilty and sentenced. Section 97 of the New Judicial Code provides that terms of the District Court of the Southern District of New York shall be held on the first Tuesday of each month and general rule 5 of the District Court automatically extends each term for the purpose of making and filing bills of exception so as to comprise a period of three calendar months, beginning on the first Tuesday of the month in which the verdict is rendered or judgment entered. In this case the term expired in the early part of October, 1913, but the plaintiff in error did not move to have his bill of exceptions signed until January 21, 1914, when the trial judge signed it over the objection of the United States Attorney.

He felt that he had the right to do so under our decision in Koewing v. Wilder, 126 Fed. 472, 61 C. C. A. 312, and he was moved to

---

do so by the consideration that a very important question of law was involved, and that it was difficult for the plaintiff in error, being confined at Atlanta, to direct his affairs.

The case of Koewing v. Wilder does not apply because we there held that what the court said at the conclusion of the trial amounted to an extension of the term for the period within which the defeated party was entitled to sue out a writ of error.

The extraordinary circumstances mentioned in the Supreme Court cases which justify the signing of the bill after the term has expired relate to circumstances which caused the delay, and cannot be said to include negligence of the party or the importance or difficulty of the question involved.

As we think the District Judge was without power to sign the bill of exceptions, the writ of error is dismissed.