## E. I. DU PONT DE NEMOURS & CO. v. SMITH.

(Circuit Court of Appeals, Fourth Circuit. January 15, 1918.)

### No. 1585.

1. EXCEPTIONS, BILL OF ☞43(1)—TIME FOR PRESENTATION AND ALLOWANCE.

   A bill of exceptions may be allowed by consent after the time fixed by order or rule of the District Court, and after the expiration of the term at which the case was decided.

2. EXCEPTIONS, BILL OF ☞43(1)—FAILURE TO PRESENT WITHIN TIME GIVEN—WAIVER.

   On the entry of judgment for the plaintiff, the court made an order allowing defendant 30 days in which to present a bill of exceptions; there being no standing rule on the subject. The bill was not presented until after the 30 days, and after the term of court had expired, when it was signed by the judge; plaintiff making no objection, but signing a stipulation as to what should constitute the record in the appellate court. The writ of error was signed on the same day. *Held* that, under such facts, the writ of error would not be dismissed on the ground that the bill was not signed within the time fixed by the order.

3. APPEAL AND ERROR ☞780(1)—GROUNDS FOR DISMISSAL—INADVERTENCE OF COUNSEL.

   The extreme penalty of dismissal of a cause by an appellate court without a hearing on the merits should not be imposed upon a litigant because of the inadvertence of his counsel, except in cases of flagrant neglect, or where the court is compelled by statute or clearly established practice to do so.

   Pritchard, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Action at law by Leslie C. Smith, an infant, by M. H. Smith, his next friend, against E. I. Du Pont de Nemours & Co. Judgment for plaintiff, and defendant brings error. On motion to dismiss writ of error. Denied.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. O. Wendenburg, of Richmond, Va., for the motion.

J. Gordon Bohannan, of Petersburg, Va. (Plummer & Bohannan, of Petersburg, Va., on the briefs), opposed.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. This is a motion to dismiss a writ of error on the ground that the bill of exceptions was not presented and signed within the time fixed by the order of the District Court. Judgment was entered against the defendant on the 3d of August, 1917. In the absence of a fixed rule on the subject, the District Judge made an order allowing the defendant 30 days thereafter in which to present his bill of exceptions. On the 27th of August defendant's attorney wrote to the plaintiff's attorney, inclosing a proposed order for an extension of 10 days after the adjournment of the term of the court. Having received no answer, on September 3d he wrote another letter, requesting that consent be indorsed on the proposed order. No reply was made to either of these letters; the plaintiff's attorney in his affidavit saying that the letters were not received, and defendant's attorney saying that he inferred from the failure to respond that the plaintiff's attorney had consented to the enlargement of the time. After the term had ended, on the 2d of October, 1917, the bill of exceptions was presented to the District Judge and signed by him in the presence of counsel for the plaintiff. At the same time counsel for plaintiff signed a stipulation as to what should constitute the record for the Circuit Court of Appeals. The writ of error was signed on the same day.

[1] When the time within which an act necessary to bring a cause to this court by writ of error or appeal is fixed by statute, this court has no power to relieve against the failure to comply with the statute, and the District Court has no power to take any steps looking to the perfection of an appeal or writ of error after it has lost jurisdiction. Hence, if the writ of error had not been granted in this case within six months, this court would be obliged to dismiss it. Old Nick Williams Co. v. United States, 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318. It is settled beyond question, however, that a bill of exceptions may be allowed by consent after the time fixed by order or rule of the District Court and after the expiration of the term at which the case was decided. Waldron v. Waldron, 156 U. S. 361, 15 Sup. Ct. 383, 39 L. Ed. 453; Jennings v. Philadelphia, etc., Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031. It follows from this holding that the District Court does not completely lose its jurisdiction after the expiration of the term, for, if it did, consent would not avail. The case first cited lays down the rule that if the bill of exceptions be allowed after the time fixed, either by consent or by an order of the court, and after the expiration of the term, it will be sufficient unless the point was expressly saved by objection made at the time to the allowance.

[2] In this case, after the expiration of 30 days fixed by the order, and after the expiration of the term, the bill of exceptions was allowed

by the District Court, and it does not appear in the record that any objection was made by counsel for defendant in error to the allowance. Unless, therefore, the case of Waldron v. Waldron, supra, has been overruled, the defendant in error cannot avail himself of the failure of the counsel for the plaintiffs in error to have the bill of exceptions signed within 30 days and before the expiration of the term. The authority of the Waldron Case to this effect was expressly recognized in Old Nick Williams Co. v. United States, 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318. These cases are not overruled, either expressly or impliedly, by Jennings v. Philadelphia, etc., Co., supra. There the appeal had been allowed and perfected. The Supreme Court of the District of Columbia had thus lost control and jurisdiction of the case by its removal to the Supreme Court of the United States. That the case is thus distinguished from Waldron v. Waldron, supra, and the case now before us, is obvious from this language of the court:

"The proceeding was coram non judice. The appellee was not in court, or before a court. The judge and the court had lost all power over the cause, the parties, and the record."

Under these circumstances the court held that the failure of the appellee to object to the allowance of the bill of exceptions could not avail the appellant, evidently for the reason that the cause was no longer in the lower court. The court says:

"So grave a matter as the allowance of a bill of exceptions after the close of the term and after the court had lost all judicial power over the record should not rest upon a mere implication from silence. There should be express consent, or conduct which should equitably estop the opposite party from denying that he had consented."

We think it clear, therefore, that the Supreme Court of the United States did not intend, in Jennings v. Philadelphia, etc., Co., supra, to overrule, without mentioning, the important case of Waldron v. Waldron, supra. The distinction is that in the latter case, as in this case, the District Court had not lost its control of the case by the perfection of the writ of error or appeal, while in the Jennings Case the Supreme Court of the District of Columbia had lost its control by the allowance and perfection of the appeal to the Supreme Court.

The evidence of consent to the allowance of the bill of exceptions and waiver of the time is very strong. The record does not show that any objection was made. The signing of the stipulation by counsel for plaintiff as to what should constitute the record, without the reservation of any technical rights, goes far to show waiver of all irregularities that were not jurisdictional. The case is thus even stronger against the defendant in error than was the case of Waldron v. Waldron, supra.

[3] We have the strong conviction that the extreme penalty of dismissal of a cause without a hearing on the merits should not be imposed upon a litigant for the inadvertence of his counsel, except in flagrant cases of neglect, or where the court is compelled by statute or clearly established practice to do so. In such cases orderly procedure may be well maintained by the infliction of the penalty of costs on the defaulting party or his attorney.

In our opinion, therefore, the motion to dismiss should be denied, but upon the condition that the counsel for the plaintiff in error pay the sum of $50 for costs of this motion as a penalty for his inadvertence.

Motion denied.

PRITCHARD, Circuit Judge (dissenting). I regret exceedingly that I cannot concur in the action of the majority of the court in refusing to grant the motion to dismiss the writ of error in this case. The judgment complained of was rendered by the District Court of the United States for the Eastern District of Virginia in this cause on the 3d day of August, 1917, at the April term, 1917, of the court, which term of court expired on the 29th day of September, 1917, when an order was entered adjourning and ending this term of the court; that on the 1st day of October, 1917, a new term, known as the October term, 1917, of that court, began; that on the 3d day of August, 1917, the day on which the judgment complained of was entered the court entered an order as follows:

"Memorandum. During the progress of the trial of the above-styled case the defendant by its attorney noted sundry exceptions to the rulings, action, and judgment of the court, and leave is given it to file its bills of exceptions within 30 days from this date."

While it appears that the lower court had no standing rule, nevertheless this order was tantamount to a rule of the court as respects this case. The plaintiff in error not only failed to file or have the judge of the lower court sign the bills of exceptions, or any of them, within the time prescribed by the order, but also failed to do this at any time during the April term of the court. However, on the 2d day of October, 1917, this being the second day of the October term, the defendant below filed, and the District Court signed for the first time, each and all of said bills of exceptions without the consent of the plaintiff below. As we have stated, it appears that there was no rule or practice of the court below under which bills of exceptions could have been signed at the October term, unless further time had been granted during the April term; and it further appears that no order was entered at the April term of the court enlarging the time within which bills of exceptions might be filed. I find nothing in the record to justify the contention that these bills of exceptions were signed by consent. The term of court having expired, without the time having been extended within which to file bills of exceptions, the court had no authority to permit the bills of exceptions to be filed.

In the case of Reliable Incubator & Brooder Co. v. Stahl, 102 Fed. 590, 42 C. C. A. 522, the Circuit Court of Appeals for the Seventh Circuit in a per curiam opinion, among other things, said:

" * * * The document sought to be brought up is not mentioned in the bill of exceptions, was in no way made a part of the record, and, if contained in the transcript, could be of no more significance upon the motion to strike out the bill of exceptions than when satisfactorily proved by affidavit. There can be no doubt that the paper was sent by counsel for the defendant in error to the clerk of the court, and it was perhaps placed on file; but the assertion that it was filed by plaintiff's attorney on July 13th, besides being

an evident mistake, is not clearly consistent with the statement in one of the affidavits 'that the court then and there signed the bill of exceptions, without objection being made or exceptions taken.' On the entire showing, it is evident that the attorneys for the defendant in error, at the time the bill was filed, and possibly until they came to examine the printed transcript, believed that there had been a regular extension of time for the signing and filing of the bill. It is certain that on July 3d they learned of the extension ordered three days before, and not unnaturally they may have assumed that that order was made within the time of a previous extension which had been duly ordered. Their mistake in that respect, however, did not alter the fact that during the term at which the judgment was rendered no order was entered allowing time beyond the term for signing and filing the bill, and did not place the plaintiff in error in a worse position than if the specific objection to the signing of the bill had been interposed at the time of signing. There is no proof which tends even remotely to show a purpose to waive the objection, or to consent to the signing of the bill out of proper time. When, during the term at which a judgment is rendered, it is proposed to allow time beyond the term for the filing of a bill of exceptions, it is well that a notation of the fact be made upon the docket of the court, or by an entry upon the order book: but when, after the term, the bill is presented for signature, it should contain an explicit statement of the extension, such as to demonstrate that both the signing and the filing are within the time allowed, or, if a waiver of the time is to be asserted, a distinct statement of the fact of consent by counsel or party present at the time of signing, or, what would be still better, a written agreement indorsed upon or attached to the bill showing that consent. Under no ordinary circumstances, if at all, will affidavits be received to show such consent—certainly not when the fact is disputed, as it is here. Indeed, it is not clear that consent after the expiration of the term is available. In Waldron v. Waldron, 156 U. S. 361, 378, 15 Sup. Ct. 387, 39 L. Ed. 457, it is said, 'The signing of the bill of exceptions after the expiration of the term at which the judgment was rendered was lawful, if done by consent of parties, given during that term.' It may be, however, that the cases cited do not go that far. Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113; Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090. * * * The suggestion that, by the order giving time for the preparation and filing of the transcript of the record in this court, the Circuit Court retained jurisdiction of the case for the purpose of signing the bill of exceptions, is manifestly untenable. The motion to strike out is sustained."

In Preble v. Bates (C. C.) 40 Fed. 746, the court said:

"* * * I conceive the rule to be this: That a bill of exceptions must be signed at the term in which judgment was rendered. This rule is subject to certain exceptions, dependent upon special circumstances, which, however, it is not necessary to consider in this case. * * *"

Also in the case of Reader v. Haggin, 160 Fed. 909, 88 C. C. A. 91, the Circuit Court of Appeals for the Second Circuit, said:

"* * * This court has repeatedly held that after the expiration of the term at which the cause was tried, unless the court reserves control over the case by rule or order, it is too late to allow a bill of exceptions. * * *"

In the case of United States v. Jones, 149 U. S. 262, 13 Sup. Ct. 840, 37 L. Ed. 726, the bills of exceptions were signed after the final adjournment of the court for the term at which the judgment was rendered. In discussing this phase of the question the Chief Justice said:

"* * * No order was entered extending the time for its presentation, nor was there any consent of parties thereto, nor any standing rule of court which authorized such approval. The bill of exceptions was, therefore,

improvidently allowed. Muller v. Ehlers, 91 U. S. 249 [23 L. Ed. 319]; Jones v. Grover & Baker Sewing Machine Co., 131 U. S. Appx. cl [24 L. Ed. 925]; Michigan Insurance Bank v. Eldred, 143 U. S. 293 [12 Sup. Ct. 450, 36 L. Ed. 162]. As the errors assigned arise upon the bill of exceptions, we are compelled to affirm the judgment; and it is so ordered."

Oxford & Coast Line R. Co. v. Union Bank of Richmond, Va., 153 Fed. 723, 82 C. C. A. 609, is very much in point. In that case this court said:

" * * * In the absence of a rule to the contrary, a party against whom there is a judgment in an action at law is entitled to prepare and file a bill of exceptions during the term at which the case was tried relating to questions reserved at the trial. However, in the district in which this case was tried there is a rule of court which only allows 20 days in which to prepare and file a bill of exceptions. Notwithstanding this rule, the court had the power to extend the time in which to prepare and file a bill of exceptions, provided it did so within the 20 days; but, once the court permitted the 20 days to expire, then it no longer had the power to extend the time, and the case would stand just as though the term had expired. This court, in the case of Yellow Poplar Lumber Co. v. Chapman, 74 Fed. 448, 20 C. C. A. 507, in commenting on the practice as to bills of exceptions, among other things, said: 'It is now a rule of practice universally followed in the courts of the United States that an exception to the ruling of a trial judge cannot be considered in the appellate court, unless it was duly noted during the trial, and preserved in a bill of exceptions, which was presented to and allowed by the court at the term during which the trial was had, or within a time provided for by an order entered during such term, or where it has been allowed under the standing rules of the court, or with the consent of the parties, or under such circumstances as clearly show that it was the intention of the court to, and that it did, retain by special order the control of the matter, for the purpose of examining, allowing, and signing the bill of exceptions.' * * * * "

Mr. Justice Blatchford, in the case of Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 552, 9 Sup. Ct. 152, 32 L. Ed. 508, in commenting on the rules of the Circuit Court for the Southern District of New York relative to the time allowed for the presentment, allowance, and signing of bill of exceptions, said:

" * * * And if the party omit to make a bill within the time above limited, unless the same shall be enlarged as aforesaid, he shall be deemed to have waived his right thereto."

The neglect of counsel for plaintiff in error cannot be said to be excusable, in view of the facts as they appear in the records. It should be borne in mind that counsel for plaintiff in error lived in Petersburg, within 40 minutes' ride of the office of the clerk of the District Court; but he failed to appear before the court below for the purpose of filing his bills of exceptions within the 30 days' time granted him in the court's order of August 3d. He simply contented himself by writing counsel for defendant in error, asking consent for a further extension of time, and admits that he never received any reply to these letters. Failing to hear from counsel for defendant in error, it was the duty of counsel for plaintiff in error to see counsel for defendant in error, who lived in Richmond, in person; but this he failed to do. If he had done so, no doubt opposing counsel would at that time have agreed to a further extension of time.

The rules as respect the preparation of a case to be brought here on writ of error are plain and explicit—having been interpreted by almost every Circuit Court of Appeals, as well as the Supreme Court, and it must be assumed that counsel are fully cognizant of their requirements. A failure to observe the same in a case like this can only tend to confusion and must ultimately lead to a demoralization of the procedure of this court. Mr. Justice Story, in his work on Equity Pleading (section 544), in commenting on the necessity of adhering strictly to the prescribed forms of procedure, says:

"The want of due form constitutes a just objection to the proceedings in every court of justice, for to reject all form would be destructive of the law as a science, and would introduce great uncertainty and perplexity in the administration of justice. Every irregularity of this sort is fraught with inconvenience, and generally tends to delays and doubts. And it has been well remarked that infinite mischief has been produced by the facility of courts of justice in overlooking errors of form. It encourages carelessness and places ignorance too much on a footing with knowledge amongst those who practice the drawing of pleadings."

In the case of Oxford & Coast Line R. Co. v. Union Bank of Richmond, Va., supra, this court also said:

"* * * While it is not the policy of the court to dismiss writs of error and cases on appeal on account of slight technicalities, at the same time the rules of this court, as well as the rules of the Circuit Court, are plain and easily understood. In this instance the provision of the statute relating to the question at issue is mandatory and must be enforced. It is incumbent upon attorneys who practice in the federal courts to observe and strictly follow the rules of practice and procedure in preparing and presenting bills of exceptions. In the case of Michigan Ins. Bank v. Eldred, 143 U. S. 298, 12 Sup. Ct. 452, 36 L. Ed. 162, the court, among other things, said: 'The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court. The trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed.' It is essential to the orderly procedure of the courts that attorneys should comply with the rules relating to the same; otherwise, it would be useless to promulgate rules for the guidance of those who may seek to review the action of the lower court."

Therefore, it appearing that the bills of exceptions were not filed within the time granted by the court, and it further appearing that the time was not extended by consent, it follows that this court should have granted the motion to dismiss the writ of error.

In view of the court's refusal to dismiss the writ of error, I confess that I cannot understand why counsel for defendant in error should be required to pay the sum of $50 as a penalty, inasmuch as the court has found that counsel is only guilty of excusable neglect.

For the reasons stated, I think the court should have granted the motion to dismiss.