## BLISSE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 107.

1. COURTS ⬤⟳356—CONFORMITY ACT NOT APPLICABLE TO BILL OF EXCEPTIONS.

Appellate procedure of the federal courts, such as signing and settling bills of exceptions, is not affected by the conformity statute (Rev. St. § 914 [Comp. St. § 1537]), but is regulated exclusively by acts of Congress or by their own rules and practice.

2. CRIMINAL LAW ⬤⟳1092(9)—JUDGE HAS NO POWER TO SIGN BILL OF EXCEPTIONS AFTER TERM, UNLESS TIME IS EXTENDED.

A judge of the District Court is without power to sign a bill of exceptions after the term at which judgment was entered has expired and a writ of error has been filed, unless the time has been extended by an order made during the term; and where the bill is signed during such extended time, or by consent of parties duly given, it should contain an express statement to that effect.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against George A. Blisse. Judgment of conviction, and defendant brings error. Affirmed.

Armin Kohn, of New York City, for plaintiff in error.

Francis G. Caffey, U. S. Atty., and John E. Joyce, Asst. U. S. Atty., both of New York City.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The defendant has been convicted under an indictment which charged him with giving a bribe to a post office inspector, to influence the inspector's decision in a matter pending before him, and his counsel asks this court to reverse the judgment of conviction on several grounds, the most important of which are: (1) That the government failed to prove the crime beyond a reasonable doubt. (2) That error was committed in admitting the testimony of the expert. (3) That there was error in refusing the defendant's requests to charge.

To sustain these assignments of error counsel has made an elaborate argument and presented a brief covering more than 40 printed pages. We are, however, unable to examine these several grounds of alleged error, unless the case has been brought to this court in accordance with the requirements of law. In view of past utterances, it ought not to be necessary to say again that an appellate court is without power to rectify errors committed in a lower court, unless the record of these errors is brought into the appellate court as required by the established rules of procedure.

We are not insensible to the fact that the dismissal of a cause without passing on the merits, because the inadvertence of counsel has disregarded an established rule of procedure, is to impose upon the litigant an extreme penalty. At the same time we are compelled to adhere to established rules of orderly procedure, which experience has shown to

be important in the administration of justice. The rules respecting the preparation of a case to be brought to an appellate court on writ of error are not uncertain, and are not obscure, and it is to be assumed that they are familiar to counsel. A failure to observe them, as has frequently been remarked, only tends to confusion, and to the demoralization of the procedure of the court. E. I. Du Pont de Nemours & Co. v. Smith, 249 Fed. 409, 161 C. C. A. 377. To disregard such rules is to introduce uncertainty and perplexity into the administration of justice, and, as Mr. Justice Story remarked, is destructive of the law as a science. Story's Eq. Pl. § 544.

[1] In a federal court, the settling and signing of a bill of exceptions do not come within "the practice, pleadings, and forms and modes of proceeding" which by act of Congress are required to conform "as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state" (Comp. St. § 1537) within which the federal court is sitting. That was determined in Re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508. The court there said that the removal of a case by writ of error from one federal court to another is a matter to be regulated exclusively by acts of Congress, or, where they are silent, by methods derived from the common law, from ancient English statutes, or from the rules and practice of the courts of the United States.

[2] Act March 3, 1911, c. 231, § 97, 36 Stat. 1119 (Comp. St. § 1084), provides that terms of the District Court for the Southern District of New York shall be held on the first Tuesday in each month, and general rule 5 of such court automatically extends each term for the purpose of taking any action which must be taken within the term of the court at which final judgment or decree is entered 90 days from the date of the final judgment or decree.

In the case at bar the bill of exceptions was signed 1 year and 4 months after the term expired. The case was argued in the court 2 months later, or 1 year and 6 months after defendant's conviction. We must express disapproval of a practice under which such delay occurs in the final determination of the guilt or innocence of accused persons. Long delays between the commission of crime and the trial of the person accused of its commission, and between conviction and punishment, justly bring into contempt the administration of the criminal law.

In Buessel v. United States, 258 Fed. 811, —— C. C. A. ——, this court recently decided that in criminal as well as in civil cases evidence introduced or offered and rejected at the trial and rulings thereon, as well as the instructions and the requests to charge, can be brought before the appellate court only by a bill of exceptions. It was also held in the same case that Act Cong. Feb. 26, 1919, c. 48 (Comp. St. Ann. Supp. 1919, § 1246), requiring appellate courts to "give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties," does not dispense with the ne-

cessity of a bill of exceptions to bring into the record matters which would not otherwise be a part thereof.

But in order that there may be a bill of exceptions it must have been signed by the judge as required by law. This court has held in a number of cases that a bill of exceptions must be signed during the term at which the judgment is entered, unless during the term the time within which it may be signed has been extended.

In Koewing v. Wilder, 126 Fed. 472, 61 C. C. A. 312 (1903), this court held that a bill of exceptions must be presented within the term at which the judgment is entered, unless further time has been allowed by an order entered during the term or "where very extraordinary circumstances exist." And as the trial court, at the time of directing a verdict for defendant, had allowed "such time as counsel should want to prepare a bill of exceptions," it was held that this operated to extend the time for preparing a bill of exceptions to a date beyond the term, and was not indefinite as to the length of the extension, but should be construed as limited to 6 months after entry of judgment, within which the defeated party was entitled to sue out a writ of error.

In Reader v. Haggin, 160 Fed. 909, 88 C. C. A. 91 (1908), this court held that, after the expiration of the term at which the cause was tried, the court could not allow a bill of exceptions nunc pro tunc, unless control over the case had been reserved by rule or order. At the same time we held that the inquiry of this court on writ of error must be confined to the pleadings and proof as embodied in a bill of exceptions, and that where the record so made up is free from error the judgment must be affirmed.

In United Wrapping Machine Co. v. Stimson, 175 Fed. 1023, 99 C. C. A. 667 (1910), this court dismissed a writ of error; the bill of exceptions not having been signed within the term at which the cause was tried, and the court not having reserved control over the case by rule or order.

In Glickstein v. United States, 215 Fed. 90, 131 C. C. A. 398 (1914), this court held that, where a defendant convicted of a crime did not move to have his bill of exceptions signed until after the expiration of the automatically extended time under rule 5, above referred to, the judge was without power to sign it. And we there said that—

"The extraordinary circumstances mentioned in the Supreme Court cases which justify the signing of the bill after the term has expired relate to circumstances which caused the delay, and cannot be said to include negligence of the party or the importance or difficulty of the question involved."

The Supreme Court has had the matter before it in a number of cases, in which it has been held that a bill of exceptions must be signed during the term at which the judgment is entered, unless during the term the time is extended and the bill is signed within the period so extended, or unless the bill is signed after the term but with consent of the parties. Waldron v. Waldron, 156 U. S. 361, 378, 15 Sup. Ct. 383, 39 L. Ed. 453; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162; Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090; Hunnicutt v. Peyton, 102 U. S. 333, 26

L. Ed. 113; Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Jones v. Grover & Baker Sewing Machine Co., 131 U. S. Appx. cl. 24 L. Ed. 925; Claspell v. Northern Pacific Railroad Co., 144 U. S. 211, 12 Sup. Ct. 593, 36 L. Ed. 409; Hume v. Bowie, 148 U. S. 245, 13 Sup. Ct. 582, 37 L. Ed. 438; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037.

In Muller v. Ehlers, supra, the court said:

"As early as Walton v. United States, 9 Wheat. 651, 6 L. Ed. 182 (1824), the power to reduce exceptions taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions without an express order of the court during the term or consent of the parties, save under extraordinary circumstances. Here we find no order of the court, no consent of the parties, and no such circumstances as will justify a departure from the rule. A judge cannot act judicially upon the rights of parties, after the parties in due course of proceeding have both in law and in fact been dismissed from the court."

In Ex parte Bradstreet, 4 Pet. 102, 7 L. Ed. 796 (1830), Chief Justice Marshall said:

"The law requires that a bill of exceptions should be tendered at the trial. * * * A practice to sign it after the term must be understood to be a matter of consent between the parties, unless the judge has made an express order in the term allowing such a period to prepare it."

In United States v. Breitling, 20 How. 253, 15 L. Ed. 900 (1857), a bill of exceptions was prepared during the term and presented to the court for allowance four days before the expiration of the term. It was returned to the attorney presenting it three days before the term expired, with the request that he submit it to opposing counsel. Delay occurred, and the judge did not sign it until after the term expired. Chief Justice Taney, writing for the court, said that under the circumstances the judge was justified in doing what he did, and the bill of exceptions was recognized as legally before the court. This case was referred to in Muller v. Ehlers, supra, where Chief Justice Waite, writing for the court, said:

"The particular grounds for this ruling are not stated; but it was probably for the reason that, upon the facts stated, the consent to further time beyond the term for the settling of the exceptions might fairly be presumed. That case went to the extreme verge of the law upon this question of practice, and we are not inclined to extend its operation."

In Jennings v. Philadelphia, Baltimore & Washington Railway Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031, it was held that in the absence of an extending order the trial court loses control of the case after the term has been closed and an appeal has been allowed and perfected, and that common-law rule 55 of the Supreme Court of the District of Columbia, allowing 38 days to file a bill of exceptions, applies only so long as the judgment term is running, and does not operate to extend the power of the trial judge over the record beyond the term. The court said:

"No order had been made in term time for the filing of such a delayed bill. Not only had the term closed, but an appeal had been allowed and perfected.

The trial court had thereby lost control of the cause, and had no authority to add to or to take from the record."

The court goes on to say:

"The proceeding was coram non judice. Appellee was not in court, or before a court. The judge and the court had lost all power over the cause, the parties, and the record. * * * So grave a matter as the allowance of a bill of exceptions after the close of the term, and after the court had lost all judicial power over the record, should not rest upon a mere implication from silence. There should be express consent, or conduct which should equitably estop the opposite party from denying that he had consented."

In Waldron v. Waldron, supra, the court held that the signing of a bill of exceptions after the expiration of the term at which the judgment was rendered was lawful, if done by consent of parties given during that term. The court also held that, if the bill of exceptions was not delivered to counsel within the time fixed by the agreement, objection to the failure so to deliver it should have been urged when the bill was settled, and if an objection then taken was overruled, the question of the correctness of such action should have been then reserved.

In the present case the verdict was rendered on May 23, 1918, and on that day sentence was pronounced. On May 25, 1918, defendant filed his assignment of errors, citation, and writ of error. On the same day he filed his bond. On June 19, 1918, there was filed an order extending the time 30 days from June 24 within which to docket the case and file the appeal record, and extending the term 30 days from June 24, 1918. On July 18 an order was filed again extending the time to docket the case and file the record 30 days from August 24, 1918, and extending the term 30 days from July 24, 1918. On August 14 the time for docketing the case and filing the record was again extended 30 days from August 24, and at the same time the term of the court was extended 30 days from August 24, 1918; and on September 18, 1918, it was again extended for both purposes 14 days from September 24. On October 3, 1918, the time to file the record of appeal and also again extending the term was extended 30 days from October 8. On October 30, 1918, the time was once more extended, and for both purposes, 30 days from November 7, 1918. On September 11, 1919, and by consent of counsel on both sides, the District Judge extended the time for serving and perfecting the case on appeal from September 15, 1919, to September 30, 1919, and on November 8, 1918, defendant filed an amended assignment of errors. The bill of exceptions was signed on September 11, 1919. The term in which the judgment was entered expired on May 31, 1918.

In Reliable Incubator & Brooder Co. v. Stahl, 102 Fed. 590, 42 C. C. A. 522, the Circuit Court of Appeals in the Seventh Circuit said:

"The suggestion that, by the order giving time for the preparation and filing of the transcript of the record in this court, the Circuit Court [trial court] retained jurisdiction of the case for the purpose of signing the bill of exceptions, is manifestly untenable. The motion to strike out is sustained."

The bill of exceptions in the instant case was signed after the writ of error was filed. When a writ of error is perfected, the cause comes

within the authority of the appellate court alone. The authority of the lower court, subject, however, to some exceptions, is terminated, and it is without authority to proceed further until the writ of error has been heard and determined, and the case remanded to it. See Hovey v. McDonald, 109 U. S. 150, 157, 3 Sup. Ct. 136, 27 L. Ed. 888.

In Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113, the court considered at length the right to sign a bill of exceptions after a writ of error had been sued out, and declared that suing out a writ of error was not a waiver of an unsigned bill of exceptions.

"True," said the court, "a writ of error here, as in England, is supposed to remove the record of the court to which it is directed into the superior tribunal. But this is a mere fiction. In neither country is the record itself actually sent up. A transcript only is sent. In England, at common law, a writ of error operated as a supersedeas and stayed all action of the inferior court, and thence it was regarded as removing the record and ousting the jurisdiction of that court. The law there has been changed; and here the writ is of itself no supersedeas."

But in Michigan Insurance Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, 36 L. Ed. 162, the court declared that after a writ of error is entered in the Supreme Court—

"all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

And in another portion of this opinion we have quoted at some length from a later decision of the court in Jennings v. Philadelphia, Baltimore & Washington Railway Co., supra, holding that in the absence of an extending order the trial court loses control of the case after the term has been closed and an appeal has been allowed and perfected. That case seems to be decisive of this. The taking out of the writ within the term, or within a period extending the term, and made during the term, could not deprive the court of its right to sign the bill. But if a bill is not signed until the term has ended, there having been no extension thereof duly made, and if the writ of error has been filed, then the authority of the judge to sign it is at an end, at least unless the parties have consented thereto.

It is clear that the judge was without authority to sign in this case, unless there has been consent of parties such as the law recognizes as sufficient to confer authority upon him to do so. There was no "consent of parties given during the term" which is recognized in Waldron v. Waldron, supra, as sufficient. Non constat that the court in that case meant that consent could not be given after the term. We see no sufficient reason to hold that the bill cannot be signed by the judge after the term has expired, provided the parties consent, and that such consent may be given even after the term has expired.

The question has recently been considered by the Circuit Court of Appeals in E. I. Du Pont de Nemours & Co. v. Smith, 249 Fed. 403, 161 C. C. A. 377 (1918). The facts in that case were as follows: On the entry of judgment for the plaintiff the court made an order allowing defendant 30 days in which to present a bill of exceptions. The bill was not presented until after the 30 days, and after the term

of the court had expired, when it was signed by the judge. The plaintiff made no objection, but signed a stipulation as to what should constitute the record in the appellate court. The writ of error was signed on the same day. It was held that the writ of error would not be dismissed on the ground that the bill was not signed within the time fixed by the order. The decision was by a divided court. Judge Pritchard filed a strong dissent, and held that the writ of error should have been dismissed, as the bill was not signed within the time granted by the court and the time had not been extended by consent.

In the instant case there was never any express agreement between the attorney for the United States and the defendant's counsel that the bill might be signed after the term. We are informed, however, that on September 8, 1919, a year after the expiration of the 90 days automatically given under the rules of the District Court already referred to, the United States attorney wrote the defendant's counsel, informing him that the transcript of the record served upon him contained no bill of exceptions; that defendant's counsel then called upon the United States attorney and stated to him that the omission was an oversight, and submitted the bill to him, and he examined it, and made certain additions and corrections to it; that the bill was then submitted to the judge, who signed. It is not stated that the United States attorney was present when it was signed. It is said that he made no objection to the signing and settling thereof, and reserved no objection.

The signing of a bill of exceptions after the expiration of the term is a grave matter, and it is a peculiarly grave matter when it is signed 15 months after the expiration of the term. If it is to be justified by the consent of the United States attorney, we do not think that his consent should rest upon his silence or upon inferences. We are also of the opinion that his consent, even if expressly given, would be ineffective, if the writ of error had already removed the case into this court.

Where a bill of exceptions is signed after the term at which the judgment is rendered, but within a period allowed by an order made within the term extending the time for its settlement, or by virtue of consent of parties duly given, it ought to contain an express statement to that effect, so that it may affirmatively appear that the signing and filing of the same were with due authority. In Reliable Incubator & Brooder Co. v. Stahl, supra, the Circuit Court of Appeals in the Seventh Circuit, in making a similar declaration, laid down the rule that under no ordinary circumstances, if at all, would affidavits be received by the appellate court to establish such facts, if omitted, and in no case would they be received to establish consent, when disputed.

Judgment affirmed.