CHAPIN v. IRWIN, Internal Revenue Collector.

(District Court, W. D. New York. May 27, 1922.)†

1. **Courts ⊕⟿356—Settlement by federal judge not affected by state procedure.**

Whether a federal judge may settle a bill of exceptions after the term is a question of jurisdiction, not affected by state laws or procedure.

2. **Exceptions, bill of ⊕⟿38—Judge held without power to settle after term.**

Where by stipulations of counsel, on which no order was entered by the court, the time for settlement of a bill of exceptions was extended, but no

---

† Application for writ of mandamus to compel settling of the bill of exceptions was denied by the Circuit Court of Appeals, Second Circuit, June 8, 1922.

bill was presented until after expiration of the time stipulated, and also of the term at which judgment was entered, the judge *held* without power to settle the same.

At Law. Action by Chester W. Chapin against Roscoe Irwin, Collector of Internal Revenue. On application by plaintiff for signing of bill of exceptions. Denied.

Davies, Auerbach & Cornell, of New York City (George T. Hogg, of New York City, of counsel), for plaintiff.

Hiram C. Todd, U. S. Atty., of Saratoga Springs, N. Y., and Earl H. Gallup, U. S. Atty., of Albany, N. Y., for defendant.

COOPER, District Judge. This is an application brought in behalf of Chester W. Chapin to secure the court's signature to a bill of exceptions submitted. Plaintiff brought action against defendant as collector of internal revenue to recover taxes which were assessed against him by the defendant at the direction of the commissioner of internal revenue. Trial was had before the court and a jury, counsel stipulated that certain questions be presented to the jury, and, they finding partly in favor of the plaintiff and partly for the collector, the court denied motions by the respective counsel to set aside the verdict.

The trial took place at Syracuse in April, 1921, but the entry of judgment was delayed pending taxation and retaxation of costs, and judgment was finally entered on the 14th day of December, nunc pro tunc as of April 14, 1921. Thereafter nothing was done until the 19th day of January, 1922, when the attorneys for the plaintiff and the United States attorney entered into a stipulation which provided that the time in which either party may prepare and serve a bill of exceptions is extended 30 days from the date thereof. Again on the 18th day of February a similar stipulation was signed by the attorneys, but no order was entered upon either stipulation. Nothing further was done until the 29th day of March, when one of the counsel for the plaintiff caused to be deposited in the mail to the United States attorney a proposed bill of exceptions, which was received after the term as extended had expired, and returned promptly by the United States attorney with a notation that the term had expired and the court had lost jurisdiction to sign a bill of exceptions.

Thereafter, and on the 30th day of March, the plaintiff's attorneys again caused the proposed bill of exceptions to be mailed to the United States attorney, with the statement that they did not believe that the term had expired, to which notice the attorneys for the government remained mute, and nothing further was done until the 18th day of April, when the copy of the bill of exceptions was mailed to this court for approval.

[1] The attorneys for the plaintiff seemed to rely upon the procedure of the practice in the New York state courts, but it has long since been established that decisions of the state courts are in no way binding upon the United States courts; that the question is one of the power of the courts, and not to the mode of procedure. See Bronson v. Schulten, 104 U. S. 410, 417 (26 L. Ed. 797), wherein it was stated:

"The question relates to the power of the courts and not to the mode of procedure. It is whether there exists in the court the authority to set aside, vacate, and modify its final judgments after the term at which they were rendered; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of the state or the practice of its courts."

[2] The terms of this court are fixed by statute, and the April term expired when the Binghamton term commenced on the second Tuesday in June. No order was entered thereupon, and considering this case as having been decided during the April term, and the plaintiff himself made that proviso in his judgment, the time within which to sue out a writ of error, viz. six months after entry of judgment, has expired. But, considering this in its most favorable aspect towards the plaintiff, and considering the judgment as having been entered as of the December term, nevertheless no order was entered extending such term, and even the stipulations entered into expired before the proposed bill of exceptions was submitted to this court, or even sent to the United States attorney for approval.

In Michigan Insurance Co. v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450, 452 (36 L. Ed. 162) it was stated by the court, through Mr. Justice Gray:

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end. U. S. v. Breitling, 20 How. 252; Muller v. Ehlers, 91 U. S. 249; Jones v. Glover & Baker Co., 131 U. S. Appx., 150; Hunnicutt v. Peyton, 102 U. S. 333; Davis v. Patrick, 122 U. S. 138; Chateaugay Co., Petitioner, 128 U. S. 544."

In Koewing v. Wilder, 126 Fed. 472, 61 C. C. A. 312, the Circuit Court of Appeals for this circuit stated that the bill of exceptions must be presented within the term in which judgment is entered, unless extended by order entered during the term, or where extraordinary circumstances exist. It may be noted here that there is nothing to excuse the delay and no extraordinary circumstances within the intendment of the decisions exist.

In Reader v. Haggin, 160 Fed. 909, 88 C. C. A. 91, the same court stated that, after the expiration of the term at which the cause was tried, the trial court could not allow a bill of exceptions nunc pro tunc, unless control over the case had been preserved by rule or order. Again, in United Wrapping Machine Co. v. Stimson, 175 Fed. 1023, 99 C. C. A. 667, the same court dismissed a writ of error; bill of exceptions not having been signed within the term at which the cause had been tried, and the court not having reserved control of the action.

In Blisse v. U. S. (C. C. A.) 263 Fed. 961, Judge Rogers, in an excellent opinion, reviews the decisions upon this subject, and it should

suffice for the purposes of this application merely to call attention to that opinion.

The term of court at which the cause was tried, and also that at which judgment was entered, having expired, and the court not having reserved control over said cause by order, and it further appearing that the stipulations entered into between counsel had expired before the proposed bill of exceptions was submitted for allowance, the bill of exceptions is returned, without being approved or allowed.